Richard Henry HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–00–01640–CR.

Court of Appeals of Texas,
Dallas.

Dec. 12, 2001.

Robert P. Abbott, Coppell, for Appellant.

William T. (Bill) Hill, Jr., Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices MOSELEY, O'NEILL, and MARTIN RICHTER.

## OPINION

MICHAEL J. O'NEILL, Justice.

Appellant appeals his conviction for aggravated sexual assault of a child. After finding appellant guilty, the jury assessed punishment at forty years' confinement and a $10,000 fine. In three points of error, appellant contends the trial court erred in: (1) granting the State's motion to amend the indictment; (2) denying his motion for mistrial; and (3) refusing to instruct the jury regarding his timely application for probation. For the following reasons, we affirm the trial court's judgment.

Appellant, a sixty-two-year-old man, was charged with sexually assaulting his seven-year-old granddaughter. Specifically, the indictment alleged appellant did:

> unlawfully, then and there knowingly and intentionally cause the sexual organ of [J. H.], hereinafter called the complainant, without the consent of the complainant, to contact the mouth of [appellant], and, at the time of the offense, the child was younger than fourteen years of age.

■ Prior to voir dire, the State requested the trial court to alter the indictment to delete the allegation that the contact was without the complainant's consent. The trial court, concluding the allegation was "surplusage," granted the State's motion and altered the face of the indictment. In his first point of error, appellant contends the "amendment" of the indictment violated article 28.10 of the code of criminal procedure. Specifically, he asserts the amendment was improper because (1) it was made on the day of trial, (2) he did not have prior notice of the amendment, and (3) he was not given an additional ten days to respond to the amendment. *See* TEX.CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989).

■ Appellant's argument is premised on his assumption that striking the phrase "without the consent of the complainant" was an amendment of the indictment. The deletion of "surplusage" is not an amendment of the indictment and does not implicate article 28.10. *See Lefevers v. State*, 10 S.W.3d 348, 349 (Tex.App.—Dallas 1998), *rev'd on other grounds*, 20 S.W.3d 707 (Tex.Crim.App.2000); *Garza v. State*, 50 S.W.3d 559, 563 (Tex.App.—Houston [1st Dist.] 2001, no pet.). Surplusage is defined as unnecessary words or allegations in an indictment that are not descriptive of what is legally essential to constitute the offense. *See Brown v. State*, 843 S.W.2d 709, 713–14 (Tex.App.—Dallas 1992, pet. ref'd); *Garza*, 50 S.W.3d at 563.

In this case, the complainant was a child under fourteen years of age. Therefore, the allegation concerning the child's consent was neither an element of the offense nor descriptive of any element. *See Galloway v. State*, 716 S.W.2d 556, 557 (Tex. App.—Waco 1986, pet. ref'd); *see also In re H.R.A.*, 790 S.W.2d 102, 105 (Tex. App.—Beaumont 1990, no writ). Thus, the allegation was surplusage. *See Galloway*, 716 S.W.2d at 557; *see also H.R.A.*, 790

S.W.2d at 105. Because the allegation was surplusage, its deletion was an abandonment, not an amendment, and did not invoke article 28.10.

■ We note that in *Gollihar v. State,* the court of criminal appeals stated it was overruling "surplusage law." *Gollihar v. State,* 46 S.W.3d 243, 256–57 (Tex.Crim. App.2001). However, our review of *Gollihar* reveals that surplusage law was only overruled insofar as it relates to the sufficiency of the evidence to support a conviction. Specifically, the only issue before the court was how to dispose of sufficiency of the evidence questions in light of *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App. 1997), and in particular, what constituted a hypothetically correct jury charge. There is nothing in the reasoning of *Gollihar* that would suggest the court of criminal appeals intended to overrule surplusage law as it pertains to article 28.10 of the code of criminal procedure. *See Moore v. State,* 54 S.W.3d 529, 547 (Tex.App.—Fort Worth 2001, pet. filed). Indeed, in overruling surplusage law, the court expressly stated that "surplusage law" was, for the most part, generally consistent with *Malik,* but indicated the material variance doctrine was sufficient to resolve surplusage problems. *See Gollihar,* 46 S.W.3d at 256 n. 21. Obviously, the material variance doctrine has no place in determining whether an alteration of an indictment is an abandonment or an amendment. Because the court of criminal appeals did not reject the rationale behind surplusage law as it pertains to indictment cases, and because the material variance doctrine does not apply in such cases, we conclude surplusage law is still viable in cases concerning whether an alteration of an indictment constitutes an amendment.[1] *See Moore,* 54 S.W.3d at 547. Having concluded the deletion of language from the indictment in this case did not constitute an amendment, we overrule appellant's first point of error.

■ In his second point of error, appellant contends the trial court erred in overruling his motion for mistrial following improper argument. During guilt/innocence, the prosecutor argued that the defense tried to "sneak" the lesser-included offense of indecency with a child into the trial court's charge. Appellant objected that the prosecutor's argument was striking at the defendant over counsel's shoulders. The trial court sustained appellant's objection and instructed the jury to disregard the improper argument. Furthermore, the trial court directly contradicted the prosecutor's argument, specifically instructing the jury that the trial court charges on what is raised by the evidence and that if anyone "snuck" the lesser-included offense into the charge, it was the trial court. After reviewing the record, we conclude the trial court's instructions were sufficient to cure any harm appellant may have suffered from the prosecutor's improper remark. *See Wilson v. State,* 7 S.W.3d 136, 148 (Tex.Crim.App.1999); *Cantu v. State,* 939 S.W.2d 627, 638 (Tex.Crim.App.1997); *Dinkins v. State,* 894 S.W.2d 330, 357 (Tex. Crim.App.1995). Therefore, a mistrial was not required. *See Wilson,* 7 S.W.3d at 148; *Cantu,* 939 S.W.2d at 638; *Dinkins,* 894 S.W.2d at 357. We overrule appellant's second point of error.

■ In his third point of error, appellant contends the trial court erred in refus-

---

1. Furthermore, applying *Gollihar* to indictment cases does not, as appellant suggests, lead to the inevitable conclusion that the alteration of the indictment in this case was an amendment. Rather, we believe a logical extension of *Gollihar* to indictment cases could allow any language in an indictment to be deleted as an abandonment if the deletion would not result in a material variance. However, until the court of criminal appeals instructs otherwise, we will continue to apply surplusage law in indictment cases.

ing to include an instruction in the jury charge that would allow the jury to recommend community supervision. Prior to trial, the State filed a notice that it intended to introduce evidence that appellant had a "1972/73" felony conviction for sexual conduct. Appellant subsequently filed a sworn application for probation asserting he had never before been convicted of a felony. At trial, during guilt/innocence, appellant's wife testified that she had been married to appellant for twenty-one years and that, to her knowledge, he had never been convicted of any crime. Outside the presence of the jury, the State requested the trial court to allow it to impeach the witness by questioning her about whether she knew appellant had been convicted of an offense before their marriage. Appellant responded such impeachment was improper because the witness's testimony was limited to appellant's criminal history during their marriage. The trial court agreed and would not allow the State to impeach the witness with respect to any events before the marriage.

At punishment, appellant did not present any evidence that he had never before been convicted of a felony. Nevertheless, he requested the jury be instructed on his probation eligibility. He relied on his wife's testimony at guilt/innocence to show he had no prior felony convictions. The State responded that appellant did have a

prior felony conviction. Specifically, it asserted appellant was convicted in Connecticut in 1973 for felony sexual contact with a minor. It relied on copies of police records to show the prior felony.

The trial court, however, ruled the certified copies were not sufficient to show appellant had a prior felony conviction. Nevertheless, the trial court refused to instruct the jury regarding appellant's probation eligibility because appellant's wife's testimony concerned only their twenty-one years of marriage and did not show the sixty-two-year-old defendant had never before been convicted of a felony.

■ A defendant has the burden to show he is eligible for probation. *See* *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000). To meet this burden, the defendant must present some evidence that he had never before been convicted of a felony. *See id.*

After reviewing appellant's wife's testimony, we conclude it shows only that appellant had no convictions, felony or otherwise, during their twenty-one years of marriage.[2] Indeed, at trial, appellant took this very position in asserting the State could not impeach the witness's knowledge with respect to whether she knew of appel-

---

2. Appellant's wife's exact testimony is as follows:

[DEFENSE COUNSEL]: Was he—*during the 21 years of your marriage,* up until December of 1999, had he ever been arrested?
[WIFE]: Not to my knowledge.
[DEFENSE COUNSEL]: Well, you were married to him.
[PROSECUTOR]: Your Honor—never mind.
[DEFENSE COUNSEL]: And to your knowledge, had he ever been prosecuted for any crime?
[WIFE]: No.
[DEFENSE COUNSEL]: Had he ever been convicted of any crime?

[WIFE]: No.
[DEFENSE COUNSEL]: He had never served a prison sentence or a jail sentence?
[WIFE]: No.
[DEFENSE COUNSEL]: Okay. You would know that because you lived with him during *those* 21 years?
[WIFE]: Yes.
[DEFENSE COUNSEL]: He's not been convicted of any kind of crime, misdemeanor or felony?
[WIFE]: No.

lant's prior conviction for sexual contact, which occurred before the parties were married. Because, in context, appellant's wife only testified that appellant had no convictions during their marriage and because appellant would have been about forty-one years old when he married the witness, we conclude there is no evidence appellant had no prior felony convictions. *Cf. Trevino v. State,* 577 S.W.2d 242, 243 (Tex.Crim.App. [Panel Op.] 1979) (evidence sufficient to raise probation eligibility when defendant's wife testified she knew defendant since he was ten and he had no prior felony convictions); *Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Crim.App.1986) (in determining whether evidence raises lesser-included offense, we do not pluck testimony out of context). We overrule appellant's third point of error. We affirm the trial court's judgment.