**Brian WARD, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–00278–CR.**

Court of Appeals of Texas, Waco.

July 14, 2004.

---

1. Cisneros did not object to the instructions in the charge regarding the deadly weapon issue.

David S. Barron, Bryan, for Appellant.

Bill R. Turner, Brazos County District Attorney, Douglas Howell III, Brazos County Asst. District Attorney, Bryan, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

A jury convicted Brian Ward of assaulting a sheriff's deputy who was trying to move him from one jail cell to another. The jury sentenced him to four years'

imprisonment and a $4,000 fine. Ward contends in three issues that: (1) the court erred by denying his requested charge on the law of self defense as it applies in a resisting arrest case; (2) the jury's refusal to find that he has no prior felony convictions is against the great weight and preponderance of the evidence; and (3) the jury's finding on the prior-felony-conviction issue conflicts with the jury's decision to answer an additional question indicating whether the jury recommended that Ward be placed on community supervision.

We conclude that the law of self defense for a resisting arrest case does not apply to an assault case, that the evidence supports the challenged finding, and that the jury's punishment findings can be reasonable construed to indicate the jury's opposition to Ward's receiving community supervision. Accordingly, we affirm the judgment.

## SELF DEFENSE

■ Ward contends in his first issue that the law of self defense for a resisting arrest case should apply to a charge of assaulting a correctional officer. Because Ward was not "under arrest" at the time of the assault, we conclude otherwise.

The law of self defense for resisting arrest is found in section 9.31(c) of the Penal Code which specifies when "[t]he use of force to resist an arrest or search is

justified." TEX. PEN.CODE ANN. § 9.31(c) (Vernon 2003).[1] Instead of instructing the jury according to section 9.31(c) as Ward requested, the court instructed the jury on the law of self defense as provided by section 9.31(a).[2] Ward does not contend that the submitted instruction improperly states the law of self defense as provided by section 9.31(a). Rather, he argues that the law of self defense under section 9.31(c) applies to his case because the deputy's attempt to remove him from the jail cell constitutes an "arrest."

The parties both rely on the definition of "arrest" provided by article 15.22 of the Code of Criminal Procedure, which provides:

A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant.

TEX.CODE CRIM. PROC. ANN. art. 15.22 (Vernon 1977). Under the plain language of this statute, a person is arrested when an officer takes custody of the person pursuant to an arrest warrant or pursuant to a warrantless arrest. This definition on its face does not apply to a jail inmate being transferred from one cell to another.[3]

Accordingly, we overrule Ward's first issue.

---

1. According to section 9.31(c), "The use of force to resist an arrest or search is justified:
(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and
(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary."
TEX. PEN.CODE ANN. § 9.31(c) (Vernon 2003).

2. According to section 9.31(a), "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." *Id.* § 9.31(a) (Vernon 2003).

3. Otherwise, correctional officers would be required to obtain an arrest warrant or otherwise demonstrate probable cause each time they sought to move an inmate from one cell to another.

## FINDING ON PRIOR FELONY CONVICTIONS

■ Ward contends in his second issue that the jury's refusal to find that he has no prior felony convictions is against the great weight and preponderance of the evidence. The State responds that such findings are not reviewable for factual insufficiency or, in the alternative, that the jury's verdict is supported by the evidence. We hold, however, that the challenged finding is subject to a factual sufficiency review because it involves a jury determination of an issue of historical fact. Applying this review, we conclude that the verdict is supported by factually sufficient evidence.

The State cites *Bradfield v. State* to support its contention that punishment findings are not subject to a factual sufficiency review. 42 S.W.3d 350 (Tex.App.-Eastland 2001, pet. ref'd). However, we read *Bradfield* and other decisions like it to stand for the proposition that the length of sentence imposed by a jury is not subject to a factual sufficiency review. *See id.* at 351 ("Appellant contends that the evidence was factually insufficient . . . to support the 20 year sentence that he received."); *Kanouse v. State*, 958 S.W.2d 509, 510 (Tex.App.-Beaumont 1998, no pet.) (per curiam) ("Point of error one claims the evidence adduced during the punishment phase was factually insufficient to sustain the jury's assessment of sixty years' confinement.").

Ward does not request a factual sufficiency review of his four-year sentence. Rather, he contends that the jury's refusal to find that he has no prior felony convictions is against the great weight and preponderance of the evidence. The question presented to the jury on this issue required the jury to determine an issue of historical fact. Texas courts have routinely conducted a factual sufficiency review of such findings, even when made during the punishment phase. *E.g., Wardrip v. State,* 56 S.W.3d 588, 590–91 (Tex.Crim.App. 2001) (deliberateness issue in capital murder case); *Hernandez v. State,* 127 S.W.3d 206, 211–12 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (sudden passion in murder case); *Naasz v. State,* 974 S.W.2d 418, 422–23 (Tex.App.-Dallas 1998, pet. ref'd) (same). We do likewise here.

■ The appropriate standard of review on appeal is affected by the burden of proof at trial. *Zuniga v. State,* No. 539–02, 2004 WL 840786, *6–7, 2004 Tex.Crim. App. LEXIS 668, at *18–19 (Tex.Crim. App. Apr. 21, 2004). The decisions uniformly agree that the burden is on a defendant to prove eligibility for community supervision (*i.e.,* that the defendant has no prior felony convictions). *Speth v. State,* 6 S.W.3d 530, 533 (Tex.Crim.App.1999); *Hall v. State,* 62 S.W.3d 918, 921 (Tex. App.-Dallas 2001, pet. ref'd). However, our research has not disclosed precisely what burden the defendant bears in this regard. Must the defendant prove this issue by a preponderance of the evidence, by substantial evidence, or by some other quantum of evidence? We look to the burden of proof a defendant bears on other defensive issues to answer this question.

■ The burden of proof is on the State in a criminal prosecution to prove a defendant's guilt beyond a reasonable doubt. *Jackson v. Va.,* 443 U.S. 307, 315–16, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); Tex. Pen.Code Ann. § 2.01 (Vernon 2003). Conversely, a defendant bears the burden to prove an affirmative defense by a preponderance of the evidence. Tex. Pen.Code Ann. § 2.04(d) (Vernon 2003); *Zuliani v. State,* 97 S.W.3d 589, 594 n. 5 (Tex.Crim.App.2003). By contrast, a defendant bears the burden of producing some evidence on a defense under section 2.03, but the burden of persuasion remains with the State to disprove beyond a rea-

sonable doubt any defense raised. *See Zuliani*, 97 S.W.3d at 594 n. 5; *Taylor v. State*, 886 S.W.2d 262, 265 (Tex.Crim.App. 1994); *see also* TEX. PEN.CODE ANN. § 2.03(c), (d) (Vernon 2003).

■■■ We liken a defendant's burden to establish his eligibility for community supervision to the defendant's burden on an affirmative defense. Thus, we conclude that a defendant must prove by a preponderance of the evidence that he or she has no prior felony convictions to be eligible for community supervision. *Cf. Speth*, 6 S.W.3d at 533; *Hall*, 62 S.W.3d at 921. Bearing this burden of proof in mind, we must determine whether the jury's refusal to find that Ward had no prior convictions is "so against the great weight and preponderance of the evidence as to be clearly wrong." *Zuliani*, 97 S.W.3d at 594. In doing so, we weigh both the evidence supporting the jury's determination and the evidence contrary to it. *Zuniga*, No. 539-02, 2004 WL 840786 at *7, 2004 Tex.Crim. App. LEXIS 668, at *20.

Ward's mother testified that he had never been convicted of a felony "[a]s far as [she] kn[e]w." Conversely, she testified that he had been living with her during only the six months preceding the trial. He spent all but one month of this time in the county jail however. She acknowledged that she could not account for every time he had appeared in court and that she did not know the circumstances of each of his appearances.

Ward's mother's testimony is similar to that of the defendant's wife in *Hall*. 62 S.W.3d at 921–22 & n. 2. Hall's wife testified that he had no felony convictions during their twenty-one years of marriage. However, Hall was about forty-one years' old when they married. The appellate court concluded that Hall failed to prove that he had never before been convicted of a felony. *Id.* at 922.

Because Ward's mother could account for only a brief period of his life, we hold that the jury's refusal to find that he had no prior felony convictions is not "so against the great weight and preponderance of the evidence as to be clearly wrong." *See Zuliani*, 97 S.W.3d at 593; *see also Hall*, 62 S.W.3d at 922. Accordingly, we overrule Ward's second issue.

## CONFLICTING FINDINGS

■■■ Ward contends in his third issue [4] that the jury issued conflicting findings in its punishment verdict. Because a proper construction of the jury's findings convinces us that the jury did not believe that Ward should receive community supervision and expressed this belief in its punishment verdict, we reject this contention.

The punishment verdict form reads in pertinent part as follows:

WE, THE JURY, having found the Defendant, Brian Ward, guilty of the offense of assault on a public servant, assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of _____. (a term not more than 10 years or less than 2 years) In addition, we assess a fine of $ _____
(0-$10,000.00)

_____
PRESIDING JUROR

We, the jury, DO / DO NOT (circle one option) further find that the Defendant has not been convicted of a felony in this state or in any other state, and is eligible for community supervision.

_____
PRESIDING JUROR
ANSWER THE FOLLOWING ONLY IF YOU HAVE FOUND THAT THE

---

4. What we have denominated as Ward's "third issue" is actually presented in his brief as a subpart of his second issue.

DEFENDANT IS ELIGIBLE FOR PROBATION:

We, the jury DO / DO NOT (circle one option) recommend that the Defendant's sentence be suspended and that he be placed on community supervision.

_____
PRESIDING JUROR

The jury answered the first question with a verdict of four years' imprisonment and a $4,000 fine. The presiding juror circled "DO NOT" to reflect the jury's answers to both of the remaining questions. However, the court's instruction between the second and third questions suggests that, because of the jury's negative answer to the second question, the jury should not have proceeded to answer the third question. At best, the instructions and verdict choices are unclear.[5]

An appellate court must give a jury verdict a liberal construction, and, if the jury's intention may be reasonably ascertained, the verdict is sufficient. *Luna v. State,* 70 S.W.3d 354, 359 (Tex.App.-Corpus Christi 2002, pet. ref'd); *Perez v. State,* 21 S.W.3d 628, 631 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

Here, the jury's findings on punishment may be reasonably construed to mean that (1) the jury believed that Ward had a prior felony conviction, and (2) for emphasis, the jury went further to affirmatively recommend that Ward should not receive community supervision. Because the jury's intent can be reasonably ascertained, we overrule Ward's third issue.

We affirm the judgment.

---

5. These difficulties could be avoided by use of suggested verdict forms found in treatises on Texas criminal practice. *E.g.,* W. SCOTT CARPENTER, TEXAS CRIMINAL JURY CHARGES § 3.270, 3–20 (Kristen Small, ed., James Publg.2004); 8 MICHAEL J. MCCORMICK ET AL., TEXAS PRACTICE: TEXAS CRIMINAL FORMS AND TRIAL MANUAL §§ 97.13, 97.15 (10th ed.1995).