COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JAMES STEPHEN RAMSEY,                             )

                                                                              )              
No.  08-03-00457-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )             
County Criminal Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )             
(TC# MA02-72741-M)

                                                                              )

 

 

O
P I N I O N

 

Appellant James
Stephen Ramsey appeals his conviction for public lewdness, a Class A
misdemeanor.  See Tex.Pen.Code Ann. ' 21.07(a)(3) & (b)(Vernon
2003).  The jury found Appellant guilty
of the offense as charged in the information and the trial court assessed
punishment at 180 days confinement in the Dallas County Jail, probated for
twelve months, and a fine of $900. 
Appellant raises one issue on appeal: 
whether the trial court erred in allowing the State to amend the
information in violation of Article 28.10 of the Texas Code of Criminal
Procedure.  We affirm. 








On July 5, 2002,
Detective Town and his partner Detective Prokof were working undercover for the
vice section of the Dallas Police Department. 
Around 10:30 p.m., the detectives went to the parking lot of the Dallas
Theater Center in the 3600 block of Turtle Creek, which is next to a wooded
area.  Detective Town testified that this
location is a Achronic
complaint location@ for
public lewdness and indecent exposure offenses. 
That evening, the detectives observed a vehicle backed into a parking
space, which based on Detective Prokof=s
experience, tended to indicate that the occupant was available for any kind of
sexual activity.  Detective Prokof hid
from view as Detective Town backed their vehicle into a parking space next to
the parked vehicle.  The occupant, later
identified as Appellant, asked Detective Town what time it was and the
detective told him that it was 10:30 p.m. 
Appellant then made an obscene gesture with his thumb and mouth and
motioned his head toward the wooded area right behind the parking lot.  Detective Town got out of his vehicle and
followed Appellant into the woods. 
Detective Town testified that they went about twenty feet into the
woods, which was directly behind the parking lot and was what he considered a
public place because it contained cleared pathways for pedestrian use.








While they were
standing in the woods, Appellant asked the detective if he was a cop and the
detective told him, Ano.@[1]  Appellant then reached out with his left hand
and began rubbing the detective=s
clothed genitals.  Detective Town
testified that Appellant=s
conduct appeared to be intentional and that Appellant knew and was aware of
what he was doing.  After Appellant
groped him, Detective Town backed away, displayed his badge, and identified
himself as a Dallas police officer.  At
the same time, Detective Town signaled to a third officer, who was standing
about fifteen feet away at the entrance of the wooded area.  Appellant cooperated and was walked back to
his vehicle.  Appellant provided his
identification and was photographed at the scene.

Appellant was
charged with public lewdness by information. 
The information alleged that on or about July 5, 2002, in the County of
Dallas and State of Texas, Appellant:

[D]id unlawfully then and there
knowingly engage in an act, namely:  of
sexual contact, by any touching of the anus, breast, and any part of the
genitals of D. TOWN with intent to arouse or gratify the sexual desire of
any person, namely:  D. TOWN and JAMES
STEPHEN RAMSEY, in a public place, to wit: 
a parking lot located in the 3600 block of Turtle Creek Boulevard,
Dallas, Dallas County, Texas.

 

On June 19, 2003, the day of trial,
the State filed a motion to strike certain words within the information namely,
Ato wit: 
a parking lot located in the 3600 block of Turtle Creek Boulevard,
Dallas, Dallas County, Texas.@  The trial court found that the State=s request was not an amendment.  The trial court then granted the motion and
physically struck through this portion of the information.  The State proceeded to trial on the remaining
part of the information.








In his sole issue,
Appellant argues that the trial court erred in allowing the State to amend the
information on the day of trial in violation of Article 28.10 of the Texas Code
of Criminal Procedure.  Appellant
contends he was statutorily entitled to an additional ten days to adequately
prepare for trial given the amended information, therefore his constitutional
rights to due process and effective assistance of counsel were denied.  Appellant also asserts that the amendment was
one of substance.  In response, the State
argues that it abandoned surplusage in the information on the day of trial and
as such, Article 28.10=s
prohibition against amendments to the form or substance of a charging
instrument was not implicated and Appellant=s
constitutional rights were not violated. 
We first address whether the State=s
motion to strike was an abandonment of surplusage in the information or whether
striking the language constituted an amendment of that information, which
Appellant contends was improper under Article 28.10.

An amendment is an
alteration to the face of the charging instrument which affects the substance
of the charging instrument.  Eastep v.
State, 941 S.W.2d 130, 132 (Tex.Crim.App. 1997), overruled on other
grounds by Riney v. State, 28 S.W.3d 561, 565-66 (Tex.Crim.App.
2000)(overruling the requirement that amendment must be by interlineation on
face of the original indictment), and by Gollihar v. State, 46 S.W.3d
243, 256-57 (Tex.Crim.App. 2001) (overruling Burrell exception to
surplusage law as applied to fatal variance doctrine); see Mayfield v. State,
117 S.W.3d 475, 476 n.1 (Tex.App.--Texarkana 2003, pet. ref=d)(Eastep still governs in
context of abandonment of portions of an indictment as surplusage without
amending the indictment); Hall v. State, 62 S.W.3d 918, 920
(Tex.App.--Dallas 2001, pet. ref=d)
(A[S]urplusage law is still viable in
cases concerning whether an alteration of an indictment constitutes an
amendment.@).  Such an alteration invokes the requirements
of Article 28.10.[2]  See Eastep, 941 S.W.2d at 133.








By contrast, an
alteration that does not affect the substance of the charging instrument is
considered an abandonment, even when accomplished by an actual physical
alteration to the face of the charging instrument.  Eastep, 941 S.W.2d at 133.  In Eastep, the Court recognized three
situations where an alteration to the face of the charging instrument is an
abandonment, rather than an amendment: 
(1) abandonment of one or more of the alternative means of committing
the alleged offense; (2) abandonment of an allegation if the effect is to
reduce the prosecution to a lesser included offense; or (3) abandonment of
surplusage.  Id. at 133-35.  Surplusage is unnecessary language not
legally essential to constitute the offense alleged in the charging
instrument.  Id. at 134.  Where the charging instrument may be altered
to delete language which is not descriptive of what is legally essential to the
validity of the charging instrument, the alteration is considered an
abandonment, not an amendment.  Id.
at 134-35.  








In the instant
case, the trial court granted the State=s
motion to strike the following words from the information:  Ato
wit:  a parking lot located in the 3600
block of Turtle Creek Boulevard, Dallas, Dallas County, Texas.@ 
The information thereafter that on or about July 5, 2002, in Dallas
County, Texas, Appellant Adid
unlawfully then and there knowingly engage in an act, namely:  of sexual contact, by any touching of the
anus, breast, and any part of the genitals of D. TOWN with intent to
arouse or gratify the sexual desire of any person, namely:  D. TOWN and JAMES STEPHEN RAMSEY, in a public
place.@  A person commits the offense of public
lewdness if he knowingly engages in an act of sexual contact in a public place.[3]  See Tex.Pen.Code
Ann. '
21.07(a)(3).  As a general rule, a
charging instrument need allege only the county in which the offense was
committed.  Bright v. State, 865
S.W.2d 135, 137 (Tex.App.--Corpus Christi 1993, pet. ref=d).  When a type of location is an element of the
offense, the charging instrument must allege the offense occurred in the
specific type of location, but it need not allege a specific place within the
type.  Id. at 137.  Here, the information alleged that the
offense was committed in a public place. 
The specific location within that Apublic
place@ was not
legally essential to constitute the offense alleged in the information and
therefore, was merely surplusage.  The
alteration of the information to delete language which was not descriptive of
what was legally essential to the validity of the charging instrument constituted
an abandonment.  See Eastep, 941
S.W.2d at 134-35.  Because the deletion
of surplusage is an abandonment, not an amendment, the provisions of Article
28.10 were not invoked.  Accordingly, the
trial court did not abuse its discretion in permitting the alteration over
Appellant=s
objection on notice grounds.








Appellant also
argues that he was deprived of his due process rights and effective assistance
of counsel.  We agree that as a matter of
due process, a defendant deserves notice of the charge against him.  See Studer v. State, 799 S.W.2d 263,
268 (Tex.Crim.App. 1990); see also Tex.Const.
art. I, ' 10
(guaranteeing a defendant the right to be informed of the nature and cause of
the accusation against him).  However,
Appellant makes no claim that he was surprised or prejudiced such that he could
not prepare an adequate defense.  Rather,
Appellant=s counsel
represented to the court that he believed that A[t]he
facts are going to show that this, in fact, did not take place in this parking
lot . . . .@  We conclude that Appellant was sufficiently
informed of the charges against him and that his right to due process was not
violated.  Further, Appellant was not
denied effective assistance of counsel because, as discussed above, the trial
court did not err in overruling his counsel=s
objection to the State=s
motion.  We overrule Issue One and affirm
the trial court=s
judgment.

 

 

 

                                                                                  


February
10, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Detective Town explained that pursuant to departmental policy, detectives can
lie and deny that they are police officers in order to maintain their
undercover status.





[2]
Article 28.10 provides in pertinent part:

 

(a)        After notice to the defendant, a matter
of form or substance in an indictment or information may be amended at any time
before the date the trial on the merits commences.  On the request of the defendant, the court
shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information.

 

Tex.Code Crim.Proc.Ann. art. 28.10(a)(Vernon 1989).





[3]
Except as provided in Section 21.01, Asexual
contact@ means Aany touching of the anus, breast, or
any part of the genitals of another person with intent to arouse or gratify the
sexual desire of any person.@  See Tex.Pen.Code
Ann. '
21.01(2)(Vernon 2003).  APublic place@
means Aany place
to which the public or a substantial group of the public has access and
includes, but is not limited to, streets, highways, and the common areas of
schools, hospitals, apartment houses, office buildings, transport facilities,
and shops.@  See Tex.Pen.Code
Ann. '
1.07(40)(Vernon Supp. 2004-05).