COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-409-CR

 

 

LEVI NATHAN AULDRIDGE                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

OPINION

 

                                        ------------ 


 

Appellant Levi Nathan
Auldridge appeals his conviction for intoxication manslaughter.  In one point, he contends that the trial
court erred by failing to grant his motion for a ten-day continuance after the
State deleted the words Aat a high
rate of speed@ from the
indictment in violation of article 28.10(a) of the Texas Code of Criminal
Procedure.  We affirm.








On December 18, 2004,
appellant was involved in an automobile collision with Arnoldo Hinojosa, in
which Hinojosa was killed.  Appellant admitted
in a written statement that he was under the influence of illegal drugs at the
time of the collision.   

Appellant was subsequently
indicted for intoxication manslaughter. 
The indictment stated that appellant

operate[d]
a motor vehicle in a public place while intoxicated, and did by reason of such
intoxication cause the death of another . . . through accident or mistake,
namely: by driving his vehicle at a high rate of speed into the oncoming
traffic lane and striking the vehicle in which . . . Hinojosa was driving, and
said defendant was intoxicated by not having the normal use of his mental or
physical faculties by reason of the introduction of a controlled substance   . . . . 

 

And . . . during the
commission of the above described felony, the said defendant did use a deadly
weapon, to wit:  an automobile, that in
the manner of its use or intended use was capable of causing death or serious
bodily injury.  








On the day of trial, before
jury selection, the prosecutor informed the trial court that the State was
deleting the Asurpluses
[sic] in the indictment, the words >at a high rate of speed.=@  Appellant objected to the
prosecutor=s request,
asserting that it was an improper amendment to the indictment rather than an
abandonment of surplusage.  The trial
court overruled the objection.  The trial
court also denied appellant=s subsequent request for a ten-day continuance to prepare for the new
charge because, according to appellant, the amendment to the indictment Asubstantially change[d]@ his trial strategy.  

Appellant argues that the
trial court abused its discretion by denying his request for a ten-day
continuance because the State amended the indictment in violation of article
28.10(a) of the code of criminal procedure by omitting the words Aat a high rate of speed.@  The State contends that the
trial court did not violate article 28.10(a) because the omission of the phrase
Aat a high rate of speed@ did not constitute an amendment of the indictment, but rather constituted
an abandonment of surplusage because it was unnecessary language not legally
essential to constitute the offense alleged. 


Article 28.10(a) provides,

After notice to the
defendant, a matter of form or substance in an indictment or information may be
amended at any time before the date the trial on the merits commences.  On the request of the defendant, the court
shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information.[1]


 

 








The requirements of article 28.10 are triggered
only when the substance of the indictment or information is amended; they do
not apply to nonsubstantive alterations to the charging instrument.[2]  








 The elements of intoxication manslaughter are
that a person (1) operates a motor vehicle in a public place, and (2) is
intoxicated, and by reason of that intoxication causes the death of another by
accident or mistake.[3]  Thus, all that the indictment needed to
allege to be legally sufficient in this case is that appellant was operating a
motor vehicle in a public place, while intoxicated, and caused the death of
another by accident or mistake.[4]  The indictment, as altered, clearly alleges
these elements by stating that appellant Aoperate[d] a motor vehicle in a public place while intoxicated, and
did by reason of such intoxication cause the death of another . . . through
accident or mistake, namely:  by driving
his vehicle into the oncoming traffic lane and striking the vehicle in which .
. . Hinojosa was driving.@  Thus, the phrase Aat a high rate of speed@ is not an element of the offense of intoxication manslaughter and the
offense could be proven without it.  It
was, therefore, surplusage.[5]

Appellant asserts, however,
that the change in the indictment Awent to the heart of the >manner and means= portion@ of the single count indictment and that it reduced the facts alleged
in violation of the holding in Brasfield v. State[6]
that changes to the facts alleged in an indictment render the indictment
fundamentally deficient.[7]  Appellant=s reliance on Brasfield is misplaced.  








The Brasfield court
held that the omission of the name of a kidnap victim in an indictment is a
defect in the substance of the indictment that cannot be added later[8]
because it affects a defendant=s notice of  the crime charged,
and Athe right to indictment by a grand jury . . . and the right to notice
ride in tandem.@[9]  

Brasfield, however, was expressly overruled by the court of criminal appeals in
Janecka v. State.[10]  The Janecka court held that an
indictment containing all essential elements of the offense is not
fundamentally defective, even if such an indictment is missing additional
factual allegations necessary to give the defendant adequate notice of the
charged offense.[11]  The omission is a defect of form, not
substance.[12]  








This case is distinguishable
from Janecka and Brasfield. 
Here, the State did not omit, abandon, or amend an essential element of
the offense charged.  Rather, the
indictment alleged more than was necessary to charge the offense of
intoxication manslaughter.  The State
simply deleted unnecessary language.[13]


Appellant correctly pointed out at trial that
Texas law no longer speaks in terms of surplusage but, rather, of
variance.  But this change applies only
in a sufficiency analysis.  The
surplusage doctrine still lives in examining the material elements that the
State must prove.[14]  

Appellant argues that Aat a high rate of speed@ is essential to a proper indictment because it constitutes the manner
and means of committing the offense. 
Appellant correctly asserts that he was entitled to timely notice of the
manner and means by which he committed the offense alleged.[15]









In this case, the indictment
does describe a manner and means, but the manner and means is divisible: Adriving his vehicle at a high rate of speed into the oncoming traffic
lane and striking the vehicle in which Arnoldo Hinojosa was driving . . . .@  Omitting the language Aat a high rate of speed@ does not change the nature of the manner and means: driving his
vehicle into the oncoming traffic lane. 
The indictment also alleges Astriking the vehicle in which Arnoldo Hinojosa was driving,@ which is a second act that satisfies the manner and means notice
requirement. 

When the State in this case
deleted the phrase Aat a high
rate of speed,@ it did not
delete an essential element of the offense or a statutory alternative manner
and means.[16]  Rather, the State deleted language that was
not necessary to providing notice of the manner and means pleaded in the
indictment.  Therefore, the requirements
of article 28.10(a) were not triggered, and the trial court did not err by
denying appellant=s request
for a ten-day continuance.  We overrule
appellant=s sole
issue.

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.   

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:  CAYCE, C.J.; DAUPHINOT and WALKER,
JJ.

PUBLISH

DELIVERED:  MAY 3, 2007











[1]See Tex. Code Crim. Proc. Ann. art.
28.10(a) (Vernon 2006).  





[2]Eastep
v. State, 941 S.W.2d 130, 132-35 (Tex. Crim. App. 1997)
(recognizing three situations where an alteration to the face of a charging
instrument does not affect its substance, and, is therefore, an abandonment:
(1) when it abandons of one or more of the alternative means of committing an
offense; (2) when it has the effect of reducing the prosecution to a lesser
included offense; and (3) when it omits surplusage), overruled on other
grounds in part by Gollihar v. State, 46 S.W.3d 243, 256‑57 (Tex.
Crim. App.  2001), and Riney v. State,
28 S.W.3d 561, 565‑66 (Tex. Crim. App. 2000); see, e.g., Hall
v. State, 62 S.W.3d 918, 920 (Tex. App.CDallas 2001, pet. ref=d);
Moore v. State, 54 S.W.3d 529, 546‑47 (Tex. App.CFort
Worth 2001, pet. ref=d)
(both recognizing the Eastep factors in determining whether an
alteration constituted an amendment or an abandonment). 





[3]Tex. Penal Code Ann. '
49.08(a) (Vernon 2006). 





[4]See
Duron v. State, 956 S.W.2d 547, 553 (Tex. Crim. App. 1997)
(stating that when an indictment contains the essential elements of the
offense, and it charges a defendant with that offense, it is constitutionally
valid); see also Tex. Const.
arts. I, ' 10
& V, '
12(b) (providing that an indictment must charge a person with an offense); Hamling
v. United States, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907 (1974) (holding
that an indictment is constitutionally sufficient if it (1) contains the
elements of the offense charged, (2) fairly informs the defendant of the charge
against him which he must defend, and (3) enables the defendant to plead an
acquittal or a conviction in bar of future prosecution for the same offense).





[5]See
Eastep, 941 S.W.2d at 134 (stating that surplusage is unnecessary language
not legally essential to constitute the offense alleged in the charging
instrument) (citing Collins v. State, 500 S.W.2d 168, 169 (Tex. Crim.
App. 1973)).





[6]600
S.W.2d 288, 302 (Tex. Crim. App. 1980). 





[7]See
id. 





[8]Id.  We note that the court in Brasfield
examined a prior version of article 28.10, which provided that A[n]o
matter of substance can be amended@ after trial begins.  See Act of June 18, 1965, 59th Leg.,
R.S., ch. 722, 1965 Tex. Gen. Laws 317, 434, amended by Act of June 13,
1985, 69th Leg., R.S., ch. 577, 1985 Tex. Gen. Laws 2196, 2197.  





[9]Brasfield, 600
S.W.2d at 301-02. The Brasfield court did recognize, however,
that a Aunique
exception@ to
the prohibition against substantive amendments to indictments exists when a
party seeks to strike surplusage, i.e., that which Aneed
not be proven in any event.@  Id. at 302 n.2.





[10]739
S.W.2d 813, 819 (Tex. Crim. App. 1987).





[11]Id.





[12]Id. at
820.





[13]Cf.
Curry v. State, 30 S.W.3d 394, 398‑99 (Tex. Crim. App.
2000) (holding that when an indictment tracks the elements of an offense, it is
generally sufficient to provide notice).





[14]See Gollihar,
46 S.W.3d at 254-58.





[15]See Tex. Code Crim. Proc. Ann. art. 21.15
(Vernon 1989); see also Reed v. State, 117 S.W.3d 260, 265 (Tex.
Crim. App. 2003).  





[16]See
Gollihar, 46 S.W.3d at 254; Curry, 30 S.W.3d at
403.