

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00068-CR

_____

JOHNNY RICHARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24305

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley
Concurring Opinion by Justice Carter

## MEMORANDUM OPINION

Johnny Richard was convicted by a jury of delivering less than twenty-eight grams of dihydrocodeinone, a controlled substance listed under penalty group three, while in a drug-free zone. Richard was sentenced to thirty years' imprisonment after a jury found true the State's enhancement allegations that he had previously been convicted of two felony offenses. On appeal, Richard argues that: (1) he received ineffective assistance of counsel during plea negotiations, (2) the trial court "erred in amending the indictment to change a material fact" by replacing "Confidential Informant No. 220" with "Confidential Informant No. 222," (3) the trial court erred in amending the notice of enhancement to allow a change in the date of one of the prior convictions, and (4) evidence of the previous felony convictions was insufficient. We find that Richard received effective assistance of counsel, no change of any consequence was made to the indictment, there was no error in amending the State's enhancement allegation, and the evidence was sufficient to establish prior convictions introduced by the State. Thus, we affirm the trial court's judgment.

## I.     Richard Received Effective Assistance of Counsel

We begin our analysis with the rule that any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). From the record received by this Court, which does not contain counsel's reasoning, Richard bears the burden of proving that counsel was ineffective by a preponderance of the evidence.

*See Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of the claim involving ineffective assistance. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14.

A defendant is entitled to effective assistance of counsel during the plea bargaining process. *Hart v. State*, 314 S.W.3d 37, 40 (Tex. App.—Texarkana 2010, no pet.) (citing *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991) (en banc)). "No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2013). "'A plea of guilty is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel.'" *Hart*, 314 S.W.3d at 40 (quoting *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)).

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Richard received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Strickland*, 466 U.S. at 697.

3

Prior to making his plea, Richard was asked:

> Q.    Mr. Richard, do you understand that this morning the State has reaffirmed an offer to you of seven years and that, under the laws, you would then be required to serve probably 100-percent of that seven years?
>
> . . . .
>
> A.    (By the Witness) Yes, I understand that.

Based on this question, Richard argues that his counsel failed to inform him that he would be eligible for parole after five years if he accepted the State's seven-year plea offer. Alleging that his decision was uninformed, Richard asks that this case be "reversed and remanded to allow [him] to accept the plea offer."

Under the first *Strickland* prong, Richard must show that counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms. *Id*. at 687–88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id*. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second-guess the strategy of Richard's counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

Counsel told Richard that he would "probably" be required to serve the entire seven-year sentence if he accepted the plea offer. In a case rejecting an ineffective assistance of counsel claim where counsel informed the defendant "that he would be eligible for parole in *around* twelve years," the concurring opinion explained,

4

> Parole is very much a speculative proposition. Its happening is contingent on many factors unknown and nonexistent at the time of a guilty plea. Factors such as the conduct of appellant in prison, the composition and attitude of the parole board, the population of the prison system, the identity and attitude of the governor, the regulations governing "good time," etc., all are yet to be when the defendant decides to plead guilty. The erroneous advise [sic] from counsel about the time frame of parole eligibility is then about an event, parole, whose time of occurrence, if any, cannot even be accurately guessed at. It should not be accorded sufficient importance as to outweigh the other factors considered in this case.

*Ex parte Carillo*, 687 S.W.2d 320, 323, 325 (Tex. Crim. App. 1985) (Miller, J., concurring).

A parole panel may only release an inmate on parole "if the panel determines that the inmate's release will not increase the likelihood of harm to the public." TEX. GOV'T CODE ANN. § 508.141(d) (West Supp. 2013). The Texas Board of Pardons and Parole is authorized and required by statute to develop parole guidelines. TEX. GOV'T CODE ANN. § 508.144 (West Supp. 2013). The guidelines require the parole panel to examine, among other things, prior incarcerations and the history of supervisory release revocations for felony offenses. *Revised Parole Guidelines*, TEX. BOARD PARDONS & PAROLES, http://www.tdcj.state.tx.us/bpp/parole_guidelines/parole_guidelines.html (last updated Dec. 2, 2013).

The evidence at trial showed that Richard was convicted of the following offenses:

| Offense | Date | State | Sentence |
|---------|------|-------|----------|
| Burglary of a business | 01/16/1978 | Louisiana | one year imprisonment suspended in favor of three years' community supervision |
| Receiving stolen things | 05/06/1980 | Louisiana | six months confinement suspended in favor of two years' community supervision |
| Conspiracy to commit murder | 02/18/1981 | Louisiana | twenty years' imprisonment |
| Felon in possession of a | 07/28/1993 | Mississippi | twenty-seven months' confinement suspended in |

| firearm | | | favor of "supervised release for a term of three (3) years" |
|---|---|---|---|
| False statements to licensed firearm dealer | 07/28/1993 | Mississippi | twenty-seven months' confinement suspended in favor of "supervised release for a term of three (3) years" |
| Possession of a dangerous drug | 08/24/2011 | Texas | twenty-three days county jail |

Richard's prior offenses, and the fact that he committed the offense of conspiracy to commit murder while on community supervision, would be reviewed by the parole board once Richard became eligible for parole. In light of this, counsel's statement on the record that Richard would probably serve the entire seven-year sentence was sage advice. The record demonstrated that counsel was "conferencing with his client" prior to making the statement. At that time, he could have informed Richard that he would be eligible for parole after serving five of the seven years of imprisonment reflected in the State's plea agreement.

Without a record demonstrating otherwise, we presume counsel appropriately admonished Richard with regard to his eligibility for parole. Therefore, Richard has not met the first *Strickland* prong.

The second *Strickland* prong (the prejudice prong) requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009).

Richard argues that he would have accepted the plea agreement offer if he had been given proper advice. However, Richard was adamant that he "didn't sell nothing to nobody," and specified to the court that he would not "plead guilty to something [he] didn't do." Based on these statements in the record, Richard cannot show a reasonable probability that the result of the proceeding would have been different.

We overrule Richard's point of error complaining of ineffective assistance of counsel.

## II.     There Was No Error in Amending the Number of the Confidential Informant

The State's indictment alleged that Richard sold dihydrocodeinone to "Confidential Informant No. 220." In a pretrial hearing, Richard's counsel stated that he had been furnished with the confidential informant's name pursuant to a motion to require disclosure of the informant's identity. The State also agreed at that time to provide the informant's address and telephone number. By the time trial commenced, Richard had seen the video recording of the confidential informant purchasing dihydrocodeinone from him.

At trial, Detective William Abbott, Jr., testified that he identifies informants who work with him "by a number . . . [t]o try to protect the identity of the informant as long as possible." He initially told the court that he worked with "informant 222. I'm sorry. 220" and that "[t]he individual assigned to 220 is Michael Wiethorn." However, during cross-examination, Abbott clarified that 220 was his "number as a police officer" and that the confidential informant number was 222. Wiethorn, who had been subpoenaed by the State, testified at trial and confirmed his role as the confidential informant.

7

Because the "indictment alleges confidential informant number 220," the State moved to amend the indictment to reflect the proper confidential informant number. Richard's counsel objected to the amendment because the amendment was untimely and "c[a]me as a surprise." "A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object." TEX. CODE CRIM. PROC. ANN. art. 28.10(b) (West 2006).

Invoking Article 28.10, Richard argues that the trial court erred in amending the indictment over his objection. However, not every change to the face of an indictment is an amendment. "[S]urplusage law is still viable in cases concerning whether an alteration of an indictment constitutes an amendment." *Hall v. State*, 62 S.W.3d 918, 920 (Tex. App.—Dallas 2001, pet. ref'd). "The deletion of 'surplusage' is not an amendment of the indictment and does not implicate article 28.10." *Id.* at 919 (citing *Lefevers v. State*, 10 S.W.3d 348, 349 (Tex. App.—Dallas 1998), *rev'd on other grounds*, 20 S.W.3d 707 (Tex. Crim. App. 2000); *Garza v. State*, 50 S.W.3d 559, 563 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Surplusage is defined as unnecessary words or allegations in an indictment that are not descriptive of what is legally essential to constitute the offense. *Id.* (citing *Brown v. State*, 843 S.W.2d 709, 713–14 (Tex. App.—Dallas 1992, pet. ref'd); *Garza*, 50 S.W.3d at 563); *see Williams v. State*, 410 S.W.3d 411, 415 (Tex. App.—Texarkana 2013, no pet.).

Here, the number of the confidential informant was neither necessary to charge Richard with the crime nor descriptive of a term that was legally essential to the crime charged. We hold that the number was mere surplusage. Thus, Article 28.10's prohibition of the amendment of the

8

indictment was not invoked. Moreover, because Richard had notice of the identity of the informant before trial, the changing of the number in the indictment could not operate as a surprise.

The trial court did not err in changing the number of the confidential informant described in the State's indictment. We overrule Richard's second point of error.

## III.     There Was No Error in Amending the Enhancement Allegation

Paragraph two of the State's notice of intent to enhance punishment alleged that Richard had previously committed the offense of burglary "on June 12, 1981, in cause number 77-2437 in the 24th Judicial District Court of Jefferson Parish, Louisiana."[1] Prior to commencement of the punishment phase of the trial, the State realized that the second enhancement paragraph incorrectly alleged that the date of a prior conviction was June 12, 1981. The State admitted that the "date that should be alleged is January 16, 1978." It requested "the opportunity to amend that [date] and then obviously the charge correspondingly."

In response, Richard's counsel "object[ed] to any amendment at this late hour," "urge[d] the Court that it is untimely and comes as a surprise," and claimed "we're not able to adequately prepare a defense in response to such late notice of this change."[2] The trial court overruled Richard's objection and amended the indictment. Relying again on Article 28.10, Richard argues that the trial court's amendment was made in error.

---

[1]The State's notice of intent to introduce extraneous offenses stated that he was convicted under this same cause number on or about September 13, 1977. This should have notified counsel of the discrepancy in the date of conviction.

[2]In response to Richard's argument of surprise, the State noted its open-file policy.

9

"[E]nhancement allegations are mere surplusage," because "[a]n enhancement paragraph is not part of the State's case-in-chief and it is not part of the 'substance' of an indictment or information." *Stautzenberger v. State*, 232 S.W.3d 323, 327–28 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting enhancement allegations "need not be pled on the face of the charging instrument"). Thus, "modifying the date in the enhancement paragraph here does not implicate art. 28.10." *Johnson v. State*, 214 S.W.3d 157, 158–59 (Tex. App.—Amarillo 2007, no pet.); *see Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

We find no error in the modification of the date of conviction reflected in the State's enhancement allegation. Richard's third point of error is overruled.[3]

## IV.     Evidence of Prior Louisiana Convictions Was Sufficient

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction." *Smith v. State*, 401 S.W.3d 915, 920 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)). Richard does not challenge the evidence supporting several Texas and Mississippi convictions against him. Yet, he argues that the two prior Louisiana convictions used for the purposes of enhancement, and another extraneous offense committed in Louisiana, "were not [s]ufficiently linked" to him.

---

[3]Richard has not argued a claim of variance between the indictment's allegation and the State's proof since such an argument would fail. Variances between an enhancement allegation and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *See Freda v. State*, 704 S.W.2d 41, 42–43 (Tex. Crim. App. 1986); *Thompson v. State*, 563 S.W.2d 247, 251 (Tex. Crim. App. [Panel Op.] 1978).

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Texas law does not require "that the fact of a prior conviction be proven in a specific manner," and "[a]ny type of evidence, documentary or testimonial, might suffice." *Flowers*, 220 S.W.3d at 922. In its decision in *Flowers*, "the Texas Court of Criminal Appeals likened the process of proving up a prior conviction to evidentiary pieces to a jigsaw puzzle and left the ultimate decision of whether these 'pieces fit together sufficiently to complete the puzzle' with the trier of fact under the totality of the evidence." *Smith*, 401 S.W.3d at 920 (quoting *Flowers*, 220 S.W.3d at 923).

Unchallenged evidence established Richard's birthplace as Crowley, Louisiana. The sentences for the two Mississippi convictions, which Richard does not contest, were to "run concurrently with each other and consecutively to the Louisiana State sentence you are now serving." In his affidavit of indigency, Richard stated that his full name was Johnny Ray Richard

11

and provided that his date of birth was "12/14/56." Based on this uncontested information, we review the evidence linking Richard to three prior Louisiana convictions.

The State utilized two felony convictions from the State of Louisiana for purposes of enhancing Richard's punishment. To establish a 1981 Louisiana conviction, the State introduced an indictment and commitment papers against "Johnny Ray Richard" with "DOB: 12-14-56" for conspiracy to commit first degree murder in Jefferson Parish. The name and date of birth provided to the Louisiana court matches the information Richard provided in his affidavit of indigency in this case. While it is conceivable that another Johnny Ray Richard born on December 14, 1956, committed this offense in Richard's home State of Louisiana, such an instance is unlikely.[4]

To establish the second enhancement allegation, the State introduced a Louisiana pen packet containing a 1978 judgment for burglary of a building, committed in Jefferson Parish, against "Johnny R. Richard." The judgment recites that Richard provided his date of birth as "12-14-56." Given that this offense was committed in the same parish as the 1981 conviction by a person with the same date of birth and same first name, middle initial, and last name as Richard's, it would be unlikely that this offense was committed by someone else.

---

[4]Also, Richard was convicted of the Mississippi offenses in 1993. He would have still been serving this 1981 Louisiana sentence of twenty years' imprisonment, as referenced in the sentence of the unchallenged Mississippi offense.

12

To establish the 1980 Louisiana conviction which was not used for enhancement,[5] the State introduced a 1980 Jefferson Parish judgment against "Johnny Richard" for receiving stolen things. Although the judgment omitted the middle initial, the indictment for that cause number, as well as the commitment papers, contained the name "Johnny R. Richard." Richard argues that the judgment contains a discrepancy because it recites his date of birth as "12-14-50" instead of December 14, 1956. However, the judgment also clarifies that the date of birth was self-reported. Of importance is the fact that this offense, which occurred between the 1978 and 1981 offenses, occurred in the same parish by a man bearing the same name and substantially the same date of birth as Richard's.

Given these facts, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the three prior Louisiana convictions existed and that the evidence linked Richard to those convictions. *See Smith*, 401 S.W.3d at 920–21. Accordingly, we find the evidence legally sufficient to establish the prior Louisiana convictions. We overrule Richard's last point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

---

[5]Section 3(a) of Article 37.07 of the Texas Code of Criminal Procedure prohibits the introduction of extraneous bad acts and offenses during punishment unless the fact-finder is satisfied beyond a reasonable doubt that the conduct is attributable to the defendant. TEX. CODE CRIM. PROC. art. 37.07, § 3(a), (b) (West Supp. 2013); *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

CONCURRING OPINION

The timing of an inmate's release on parole is a very unpredictable matter. Juries are instructed not to attempt to calculate it because that determination depends on numerous unknown factors—not the least of which is the prison population. Counsel's statement that Richard would probably serve 100 percent of his sentence was not, in my opinion, "sage advice," but merely speculation. However, it was not ineffective assistance. Richard has an extensive criminal record which probably would diminish his prospect for release on parole. In providing effective assistance, counsel is not required to act or speak with perfection. This isolated incident of counsel's assistance to Richard does not establish ineffective assistance of counsel.

I concur with the judgment of the court.


Jack Carter
Justice

Date Submitted:      December 4, 2013
Date Decided:        December 17, 2013

Do Not Publish

14