

# NUMBER 13-17-00471-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

DANIEL STEVEN DELAGARZA,                                               Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

A jury convicted appellant Daniel Steven DeLaGarza of felony theft of property, less than $2,500.00, with two prior misdemeanor theft convictions. *See* TEX. PENAL CODE ANN. § 31.03 (West, Westlaw through 2017 1st C.S.). By one issue DeLaGarza appeals the written judgment. We affirm.

## I.  BACKGROUND

DeLaGarza was convicted of felony theft of property, less than $2,500.00, for stealing a nail pouch, a measuring tape, and wire cutters from Wal-Mart.  *See id.* DeLaGarza elected to have the jury assess punishment.  Punishment was assessed by the jury at two years in state jail and a $2,500.00 fine.  In the record, the trial judge's oral sentencing was two years in state jail and a $2,000.00 fine.  In the written judgment, the trial judge sentenced DeLaGarza to two years in state jail and a $2,500.00 fine.

## II.  DISCUSSION

In his sole issue, DeLaGarza argues the trial court erred by not orally sentencing him according to the jury's punishment assessment.  Article 42.01 of the Code of Criminal Procedure declares that the defendant should be punished in accordance with the jury's verdict. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(8) (West, Westlaw through 2017 1st C.S.).  Where the trial court's judgment differs from the jury's verdict, the judgment should be reformed to reflect the jury's verdict.  *Chudleigh v. State*, 540 S.W.2d 314, 319 (Tex. Crim. App. 1976).  Where the oral pronouncement is ambiguous, "the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity."  *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd).

The jury issued the authorized verdict of two years in state jail and a fine of $2,500.00 which is reflected in the final written judgment.  Because the written judgment accurately punished DeLaGarza in accordance with the jury's verdict, it is clear that the oral pronouncement of the fine being $2,000.00 was a misstatement by the trial court. Therefore, we affirm the written judgment of the trial court which conforms to the jury's

assessed punishment. *See id.*; *see also Ward v. State*, 143 S.W.3d 271, 276 (Tex. App.—Waco 2004, pet. ref'd) (finding that an "appellate court must give a jury verdict a liberal construction, and, if the jury's intention may be reasonably ascertained, the verdict is sufficient").

### III. CONCLUSION

We affirm the written judgment of the trial court.


NORA L. LONGORIA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of June, 2018.