**John Roger LeFEVERS, Appellant,**

v.

**The STATE of Texas, Appellee.**
**No. 05–96–01715–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 22, 1998.

Rehearing Overruled Feb. 9, 1999.

Lawrence G. Boyd, Sandra Reynolds, Dallas, for Appellant.

Lisa Braxton Smith, William T. (Bill) Hill, Jr., Dallas, for State.

Before Chief Justice THOMAS and Justices FARRIS[1] and MILLER.[2]

## OPINION

DAVID F. FARRIS, Justice (Assigned).

Appellant John Roger Lefevers stands convicted of harassment. *See* TEX. PEN. CODE ANN. § 42.07 (Vernon Supp.1998). All of his points of error relate to the wording of the information alleging that he communicated with the complainant by telephone and made "a comment, request, suggestion and proposal that was obscene, to-wit: by masturbating while talking to the complainant and telling said complainant he wants to feel her breasts." On the day of trial, the court granted the State's motion to delete "masturbating while" from the information. Lefevers complains the court denied him sufficient notice by amending the information on the day of trial, the evidence was insufficient to prove he communicated an ultimate sex act, and the court committed fundamental error by not defining "obscene" in the charge. We overrule each of his points of error and affirm the judgment.

In his first point, Lefevers contends the trial court erred by deleting the words "masturbating while" over his objec-

---

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, sitting by assignment.

2. The Honorable Chuck Miller, Former Judge, Texas Court of Criminal Appeals, sitting by assignment.

tion. Lefevers objected to the timing of the deletion as depriving him of notice. Lefevers contends the court amended the information and thereby violated article 28.10(a) of the code of criminal procedure by not giving him ten days to respond.[3] *See* Tex.Code.Crim. Proc. Ann. art. 28.10(a) (Vernon 1989). The State contends the deletion was an abandonment rather than an amendment because it abandoned one of two alternate ways of proving the charged offense. *See Eastep v. State*, 941 S.W.2d 130, 133 (Tex.Crim.App.1997). The State argues the information originally charged Lefevers with harassing the complainant two ways: by masturbating while talking to her and by telling her he wanted to feel her breasts. Accordingly, the State reasons that because Lefevers was already on notice of all of the alleged means of committing the offense, the deletion did not affect his notice or his ability to prepare his defense. *See id.* at 134.

We agree with the State that, standing alone, the act of telling the complainant he wanted to feel her breasts effectively charged Lefevers with a violation of the statute. We overrule point one because the deletion may be considered either an abandonment of an alternative means of committing the offense or an abandonment of surplusage, and neither circumstance is an amendment invoking article 28.10. *Id.* at 135. Point one is overruled.

█ In his second point, Lefevers contends the evidence was insufficient because expressing a desire to feel the complainant's breasts was not a description of or a solicitation to commit an ultimate sex act. *See* Tex. Pen.Code Ann. § 42.07(b) (Vernon Supp.1998). The statute does not define "ultimate" but includes a list of acts that is exemplary and not exclusive. *See Pettijohn v. State*, 782 S.W.2d 866, 868 (Tex. Crim.App.1989). The court of criminal appeals has held that the legislature intended the phrase "ultimate sex act" to mean

more than a general allegation of sexual activity. *See id.* Thus, a communicated reference to "making sexual advances to little boys" or "molesting little children" would not qualify as ultimate sex acts because neither describes or solicits a particular act. *See id.* The court did not declare what unlisted acts are ultimate sex acts or qualify such acts. Fondling of breasts is not included *among the acts described in section 42.07(b) of the penal code, and the issue is one of first impression.

Along with fondling of breasts, the statute does not include fondling of genitals or the anus, acts that in another statute are recognized as sexual. *See* Tex. Pen.Code Ann. § 21.01(2) (Vernon 1994). In construing the legislative intent of section 42.07(b), we conclude that the intended object was to protect people from harassing communications that are generally perceived as necessarily sexual in nature. Such descriptions of ultimate sex acts would include not only references to those acts listed in the statute but also references to touching another's breasts, genitals, or anus.

Here, the complainant testified when appellant called on the evening of January 3, 1996, he said, "I like your body. I like your breasts. I want to feel your breasts." The complainant further testified that she considered the comment, "I want to feel your breasts," obscene and that she was annoyed and harassed by the comment. In our view, the statement, "I want to feel your breasts," describes an ultimate sex act because it is language that explicitly describes an act that is necessarily sexual in nature and was clearly offensive to the complainant. *See Salisbury v. State*, 867 S.W.2d 894, 896 (Tex.App.—Houston [14th Dist.] 1993, no pet.). We find, based on the complainant's testimony, there was sufficient evidence of a communication initiated by appellant, describing an ultimate

---

**3.** Lefevers raises other arguments under point one that we do not address because they do not comport with his trial objection. *See Re-*

*zac v. State*, 782 S.W.2d 869, 870 (Tex.Crim. App.1990).

sex act, that a rational trier of fact could find patently offensive. Point two is overruled.

 In his third point, Lefevers complains the trial court erred in not defining "obscene" in its charge.[4] Lefevers concedes he did not object to the charge and must show he was egregiously harmed. Lefevers argues he was egregiously harmed because the charge authorized the jury to convict him of conduct that did not violate section 42.07. He asserts that the information based upon a communicated desire to feel the complainant's breasts did not charge him with an offense. We rejected this argument in overruling his second point of error. However, assuming error by omission of the statutory definition, *see Mosley v. State*, 686 S.W.2d 180, 182 (Tex.Crim.App.1985), we conclude appellant has failed to demonstrate egregious harm such that he was denied a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We do not believe the jury was mislead by the omission of a definition of "obscene," and no issue was presented by the evidence or arguments to suggest the issue of whether the comment, remark, or suggestion was obscene was in dispute or that there was confusion about what was meant by the word "obscene." *See id.* Point three is overruled.

The judgment is affirmed.

---

4. "Obscene" is statutorily defined as "containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function." *See* TEX. PEN.CODE ANN. § 42.07(b) (Vernon Supp.1998).