John Roger LEFEVERS, Appellant,

v.

The STATE of Texas.

No. 540–99.

Court of Criminal Appeals of Texas, En Banc.

June 7, 2000.

Lawrence G. Boyd, Dallas, for appellant.

Lisa Braxton Smith, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

JOHNSON, J., delivered the opinion of the Court; in which McCORMICK, P.J., and MEYERS, MANSFIELD, KELLER, PRICE, HOLLAND and WOMACK, J.J. joined.

Appellant John Roger Lefevers was convicted of harassment. *See* TEX. PEN.CODE § 42.07(a)(1). The basis for the conviction was the allegation that appellant told the complainant over the telephone, "I want to feel your breasts." On appeal, the Dallas Court of Appeals affirmed the conviction. *Lefevers v. State,* 10 S.W.3d 348 (Tex. App.—Dallas 1998). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the phrase "I want to feel your breasts" describes an ultimate sex act. We will reverse and remand.

### *COURT OF APPEALS*

In his appeal to the Court of Appeals, appellant contended that the evidence was insufficient to support the conviction because his statement to the complainant was not a description of, or solicitation to, commit an "ultimate sex act." TEX. PEN. CODE § 42.07, titled "Harassment," reads in relevant part:

> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:
>
> > (1) initiates communication by telephone or in writing and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;
>
> \* \* \* \*

(b) For purposes of Subsection (a)(1), "obscene" means containing a patently offensive description of or a solicitation

to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function. * * * *

In determining that the phrase "I want to feel your breasts" is "obscene" as that word is used in § 42.07(a)(1), in that it describes an "ultimate sex act" as defined by § 42.07(b), the Court of Appeals noted that the phrase "ultimate sex act" is not defined in the statute, but that the statute includes a list of acts that is exemplary and not exclusive. *Lefevers,* 10 S.W.3d at 350. It noted that we had previously held that the legislature had intended the phrase "ultimate sex act" to mean more than a general allegation of sexual activity, so that communications making reference to "making sexual advances to little boys" or "molesting little children" did not qualify as ultimate sex acts, since neither described or solicited a particular act. *Id.* (citing *Pettijohn v. State,* 782 S.W.2d 866, 868 (Tex.Crim.App.1989)). However, it also found that we had not declared which unlisted acts were "ultimate sex acts" and that fondling of breasts is not included among the acts described in § 42.07(b). *Id.*

The court of appeals then noted that although § 42.07(b) does not include fondling of breasts, genitals or the anus, another penal statute, Tex. Pen.Code § 21.01(2),[1] recognized these acts as sexual. *Id.* Therefore, it concluded that the intended object of § 42.07(a)(1) was to protect people from harassing communications that are generally perceived as necessarily sexual in nature, including references to touching another's breasts, genitals, or anus. *Id.* On this basis, it found that the statement, "I want to feel your breasts," described an ultimate sex act, because it is language that explicitly describes an act that is necessarily sexual in nature and was clearly offensive to the complainant. *Id.* Therefore, it held that the evidence

was sufficient to support the conviction. *Id.* at 350–51.

## ANALYSIS

■ The court of appeals' determination that "I want to feel your breasts" describes an ultimate sex act is based on incorporating § 21.01(2), which defines "sexual contact," into § 42.07(b). However, the legislature has given no indication that these two provisions are connected in any way. Indeed, the opposite can be fairly implied. As defined in § 21.01(2), "sexual contact" has been given a specific meaning by the legislature. As defined in § 42.07(b), "obscene" has been given a specific meaning by the legislature. That meaning is based upon the term "ultimate sex act," which the legislature has defined through a non-exclusive list. If the legislature had intended that the term "obscene," as set out in § 42.07, be defined in terms of the phrase "sexual contact," as set out in § 21.01(2), it presumably would have said so. Instead, however, it used the phrase "ultimate sex act." Thus, it appears that something else was meant by that phrase.

Furthermore, the linkage in § 42.07(b) of the phrase "ultimate sex act" to the term "obscene," indicates that the legislature drafted the statute with an eye toward the constitutional definition of obscenity. In *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court, in setting out the constitutional standard for determination of whether material is obscene, stated that examples included "[p]atently offensive representations or descriptions of *ultimate sexual acts,* normal or perverted, actual or simulated." (Emphasis added.) Since that time, a multitude of state legislatures has enacted obscenity statutes which incorporate the terms "ultimate sex acts" or "ultimate sexual acts" and use the language from *Mil-*

---

1. Section 21.01(2) provides that " '[s]exual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."

*ler,* "normal or perverted, actual or simulated." Although it has been said that this terminology from *Miller* is not itself unconstitutionally vague,[2] legislatures have nevertheless attempted to give more specificity to the meaning of this terminology as a matter of state law. Several statutes give an exclusive list of acts which comprise this term,[3] while others have defined it though a non-exclusive list.[4] Still others have defined the phrase negatively, by listing it separately from other acts.[5] Some

2. *See State v. Gambino,* 362 So.2d 1107, 1111 (La.1978) (obscenity statute which uses term "ultimate sexual acts" is not unconstitutionally vague; its basis is *Miller v. California,* and "a widespread use of the phrase has acquired a well-known and acceptable meaning, readily comprehended by the average person"), *cert. denied,* 441 U.S. 927, 99 S.Ct. 2042, 60 L.Ed.2d 402 (1979), *overruled on other grounds, State v. Walden Book Co.,* 386 So.2d 342, 345 n. 2 (La.1980).

3. *See* ARIZ.REV.STAT. § 13–3501(10) (1999) (" 'Ultimate sexual acts' means sexual intercourse, vaginal or anal, fellatio, cunnilingus, bestiality or sodomy"); MICH. COMP. LAWS § 752.364, § 4(3) (1999) (" 'Ultimate sexual acts' means sexual intercourse, fellatio, cunnilingus, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, or depictions or descriptions of sexual bestiality, sadomasochism, masturbation, or excretory functions"); MONT.CODE ANN. § 45–8–205(9) (1999) (" 'Ultimate sexual act' means vaginal or anal sexual intercourse, fellatio, cunnilingus, or bestiality").

4. *See* COLO.REV.STAT. § 18–7–101(2)(b)(I) (1999) ("ultimate sex acts . . . including sexual intercourse, sodomy, and sexual bestiality"); COLO.REV.STAT. § 18–9–111(1.5) (1999) ("*ultimate sexual acts* . . . including masturbation, cunnilingus, fellatio, anilingus, or excretory functions"); KAN. STAT. ANN. § 21–4301(c)(1)(B)(i) (1999)("ultimate sexual acts . . . including sexual intercourse or sodomy"); TENN.CODE ANN. § 39–13–511(a)(1)(A)(i) (1999) ("Engages in sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, excretory functions or other ultimate sex acts"); TEX. PEN. CODE § 42.07 ("ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function"); TEX PEN.CODE § 43.21("ultimate sexual acts . . . including sexual intercourse, sodomy, and sexual bestiality").

5. *See* COLO.REV.STAT. § 18–7–101(2)(b)(I) & (II) (1999) ("ultimate sex acts" in separate subsection from "masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a

state of sexual stimulation or arousal, or covered male genitals in a discernibly turgid state"); DEL.CODE ANN. tit. 10, § 7201(4)(b)(1) & (2) (1999) ("ultimate sexual acts" in separate subsection from "masturbation, excretory functions, and/or lewd exhibitions of the genitals"); DEL.CODE ANN. tit. 11, § 1364(2)(a) & (b) (1999) (same); IDAHO CODE § 18–4101(A)(2)(a) & (b) and (I)(2)(a) & (b) (1999) ("ultimate sexual acts" in separate subsection from "masturbation, excretory functions, or lewd exhibition of the genitals or genital area"); IDAHO CODE § 52–103(B)(2)(a) & (b) (1999) (same); 720 ILL. COMP. STAT. 5/11–20(b)(2) (1999) ("ultimate sex acts or sadomasochistic sexual acts . . . or masturbation, excretory functions, or lewd exhibition of the genitals");LA. REV. STAT. 14:91.11(A)(3) (1999) ("ultimate sexual acts" in separate subsection from "[m]asturbation, excretory functions, or exhibition, actual, simulated, or animated, of the genitals, pubic hair, anus, vulva, or female breast nipples," "[s]adomasochistic abuse, meaning actual, simulated, or animated, flagellation or torture by or upon a person who is nude or clad in undergarments or in a costume which reveals the pubic hair, anus, vulva, genitals, or female breast nipples, or the condition of being fettered, bound, or otherwise physically restrained, on the part of one so clothed," "[a]ctual, simulated, or animated, touching, caressing, or fondling of, or other similar physical contact with, a pubic area, anus, female breast nipple, covered or exposed, whether alone or between human, animals or a human and an animal, of the same or opposite sex, in an act of apparent sexual stimulation or gratification," and "[a]ctual, simulated, or animated, stimulation of the human genital organs by any device whether or not the device is designed, manufactured, and marketed for such purpose"); LA.REV.STAT. 14:106(A)(2)(b) (1999) (approximately the same); ME.REV.STAT. tit. 17, § 2911(1)(D)(2) (1999) ("ultimate sexual acts, excretory functions, masturbation or lewd exhibition of the genitals"); ME.REV.STAT. tit. 17, § 2912(2)(B)(2) (1999) (same); ME.REV.STAT. tit. 17, § 2913(1)(B)(2) (1999) (same); NEV. REV.STAT. § 201.235(4)(c) (1999) ("ultimate sexual acts" in separate subsection from "masturbation, excretory functions, sadism or masochism" and "[l]ewdly exhibits the genitals"); N.J. STAT. § 2C:34–2(a)(1)(a) (1999)

states use more than one method.[6] The common element in these state statutes which define "ultimate sex act" is a requirement of genital or anal contact.

▮ Our legislature has defined "ultimate sex act," as used in § 42.07, through a non-exclusive list.[7] Using that list, we employ a rule of statutory construction, *ejusdem generis*, to determine what is meant by "ultimate sex act." *Ejusdem generis* holds that "in interpreting general words which follow an enumeration of par-

ticular or specific things, the meaning of those general words should be confined to things of the same kind." *Perez v. State*, 11 S.W.3d 218, 221 (Tex.Crim.App.2000) (citations omitted). Such a rule "accomplishes the purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular

("ultimate sexual acts, ... masturbation, excretory functions, or lewd exhibition of the genitals"); N.M. Stat. § 30–38–1(B)(2) (1999) ("ultimate sexual acts ...; masturbation, excretory functions or lewd exhibitions of the genitals of oneself or another; tactile stimulation of the genitals of oneself or another"); N.C. Gen.Stat. § 19–1.1(2)(b) (1999)("ultimate sexual acts" in separate subsection from "masturbation, excretory functions, or lewd exhibition of the genitals or genital area," "masochism or sadism," and "sexual acts with a child or animal"); Wash. Rev.Code § 7.48.050(2)(b) (1999) ("ultimate sexual acts" in separate subsection from "[m]asturbation, excretory functions, or lewd exhibition of the genitals or genital area"); Wash. Rev.Code § 7.48A.010(2)(b) (1999) ("ultimate sex acts" in separate subsection from "[m]asturbation, fellatio, cunnilingus, bestiality, excretory functions, or lewd exhibition of the genitals or genital area" and "violent or destructive sexual acts, including but not limited to human or animal mutilation, dismemberment, rape or torture"); W. Va.Code § 7–1–4(b)(4) (1999) ("ultimate sexual acts" in separate subsection from "masturbation, excretory functions, lewd exhibition of the genitals, sodomy, fellatio, cunnilingus, bestiality, sadism, masochism" and "nudity or sexual acts of persons, male or female, below the age of eighteen years"); W. Va.Code § 8–12–5b(b)(4) (1999) (same); W. Va.Code § 61–8A–1(7)(b) (1999) ("ultimate sexual acts, ... masturbation, sodomy, fellatio, cunnilingus, bestiality, sadism, excretory functions or lewd exhibition of the genitals"); Wyo. Stat. § 6–4–301(a)(v) (1999) ("ultimate sexual acts" in separate subsection from "sado-masochistic abuse" and "masturbation, excretory functions or lewd exhibitions of the genitals").

6. Non-exclusive and exclusive: Tenn.Code Ann. § 39–13–511(a)(1)(A)(i) (1999) ("Engages in sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, excretory functions or other ultimate sex acts"); Tenn.Code Ann. § 39–17–901(14)(A)

("'Ultimate sexual acts' means sexual intercourse, anal or otherwise, fellatio, cunnilingus or sodomy"); non-exclusive and negative: Colo.Rev.Stat. § 18–7–101(2)(b)(I) (1999) ("ultimate sex acts ... including sexual intercourse, sodomy, and sexual bestiality"); Colo. Rev.Stat. § 18–9–111(1.5) (1999) ("ultimate sexual acts ... including masturbation, cunnilingus, fellatio, anilingus, or excretory functions"); Colo.Rev.Stat. § 18–7–101(2)(b)(I) & (II) (1999) ("ultimate sex acts" in separate subsection from "masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, or covered male genitals in a discernibly turgid state"); Kan. Stat. Ann. § 21–4301(c)(1)(B)(i) (1999)("ultimate sexual acts ... including sexual intercourse or sodomy"); Kan. Stat. Ann. § 21–4301(c)(1)(B)(i) & (ii) (1999) ("ultimate sexual acts" in separate subsection from "masturbation, excretory functions, sadomasochistic abuse or lewd exhibition of the genitals"); 18 Pa. Cons.Stat. § 5903(b) (1999) ("ultimate sex acts ... including sexual intercourse, anal or oral sodomy, and sexual bestiality; and ... masturbation, excretory functions, sadomasochistic abuse and lewd exhibition of the genitals").

7. The phrase "ultimate sexual act," as set out in another statute, § 43.21(a)(1)(B), is defined both in terms of a non-exclusive list and by reference separately from other terms. "Ultimate sexual act" is defined as including "sexual intercourse, sodomy, and sexual bestiality," and is also listed separately from "patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs."

words." 2A SUTHERLAND STAT. CONST. § 47.17, at 189 (5th ed.1993) (citing *National Bank of Commerce v. Estate of Ripley,* 161 Mo. 126, 61 S.W. 587, 588 (1901)). Although in the instant case, the enumerated list follows the phrase "ultimate sex act," the same rule of construction applies. *See* 2A SUTHERLAND STAT. CONST. § 47.17, at 188.

■ As used in § 42.07, the phrase "ultimate sex act" includes "sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function." Each of the enumerated actions involves genital contact, anal contact, or an excretory function. In the instant case, appellant stated, "I want to feel your breasts." This statement refers to an action which is encompassed by none of those three categories. Consequently, it cannot be said that appellant described an "ultimate sex act," as defined in § 42.07(b). This interpretation also gives "ultimate sex act" a meaning readily comprehended by the average person. Appellant's ground for review is sustained.

Based on the foregoing, the judgment of the court of appeals is reversed, and the cause is remanded for proceedings consistent with this opinion.

KEASLER, J., filed a concurring opinion.

KEASLER, J., delivered this concurring opinion.

I concur in the result.

I write separately to express my chagrin concerning this outcome. I have no doubt that the defendant intended to harass the victim in this case, and that the defendant's comment was offensive. But that comment does not fall within the Legislature's definition of "obscene" as a description or solicitation of an "ultimate sex act." That this defendant's conviction should be reversed because of an overly strict legislative definition of "obscene" strikes me as outrageous. I urge the Legislature to amend this statute to include this kind of behavior.