

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1032-20

### THE STATE OF TEXAS

### v.

### ZENA COLLINS STEPHENS, Appellee

### NO. PD-1033-20

### EX PARTE ZENA COLLINS STEPHENS

### ON APPELLEE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### CHAMBERS COUNTY

McCLURE, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, KEEL, WALKER, and SLAUGHTER JJ., joined. YEARY, J., filed a dissenting opinion.

## O P I N I O N

Zena Collins Stephens appeals both the court of appeals' denial of a pretrial writ of habeas corpus and its reversal of the district court's decision to quash Count I of the indictment. She presents the following question: May the Texas Legislature delegate to the

Attorney General, a member of the executive department, the prosecution of election-law violations in district and inferior courts? No. Because Texas Election Code section 273.021 delegates to the Attorney General a power more properly assigned to the judicial department, we conclude that the statute is unconstitutional. Therefore, we reverse the decision of the court of appeals and remand the case to the trial court to dismiss the indictment.

PROCEDURAL BACKGROUND

Zena Collins Stephens was elected to the position of sheriff of Jefferson County in 2016. While investigating someone else, the FBI uncovered information regarding potential campaign-finance violations concerning Stephens. The FBI then turned this information over to the Texas Rangers. The Rangers' investigation concluded that Stephens received individual cash campaign contributions in excess of $100. The Rangers presented their findings to the Jefferson County District Attorney, who declined to prosecute, referring the Rangers to the Attorney General. The Rangers then presented the results of their investigation to the Attorney General, who presented the case to the grand jury in Chambers County, a county adjoining Jefferson County. *See* Tex. Elec. Code § 273.024. The Attorney General relied on Texas Election Code section 273.021 to prosecute a criminal offense "prescribed by the election laws of this state."

In April of 2018, the Chambers County grand jury indicted Stephens on three counts. In Count I, Stephens was charged with tampering with a government record in violation of Texas Penal Code section 37.10 "by reporting a $5,000.00 individual cash contribution in the political contributions of $50.00 or less section of said Report." In

Counts II and III, Stephens was charged with unlawfully making or accepting a contribution in violation of Texas Election Code section 253.033(a) by accepting cash contributions in excess of $100 from two different individuals.

Stephens filed a motion to quash the indictment, arguing the Attorney General did not have authority to prosecute a violation of the Penal Code, and an application for a pretrial writ of habeas corpus, challenging the constitutionality of Texas Election Code section 273.021. The trial court granted Stephens's motion to quash Count I, finding that the Attorney General lacked authority to prosecute an offense outside the Election Code. However, the trial court denied Stephens's motion to quash Counts II and III. The trial court also denied Stephens's pretrial habeas corpus writ without comment.

Both Stephens and the Attorney General appealed. The State argued that the trial court erred in two ways: (1) by quashing the tampering count (Count I), because Election Code section 273.021(a) authorizes the Attorney General to prosecute violations of election laws, and (2) by concluding that the Attorney General's prosecutorial authority was limited to election laws found within the Election Code.

Stephens appealed the denial of her application for a pretrial writ for Counts II and III on the ground that Election Code section 273.021's delegation of authority to prosecute election laws to the Attorney General violates the separation of powers doctrine in the Texas Constitution. Stephens argues that the offices of county and district attorneys are in the judicial branch of government and the Attorney General is in the executive branch. *See* Tex. Const. art. V, § 21; *id*. art IV, § 22. According to Stephens, the judicial branch has

exclusive jurisdiction in the trial courts and allowing the Attorney General to prosecute penal code violations unduly interferes with the functioning of that branch.

In a divided opinion, the First Court of Appeals agreed with the State and found that Election Code section 273.021(a) "clearly and unambiguously gives the Attorney General power to prosecute criminal laws prescribed by election laws generally whether those laws are inside or outside the Code." *State v. Stephens*, 608 S.W.3d 245, 251 (Tex. App.— Houston [1st Dist.] 2020). The court of appeals further held that "[t]he phrase 'election laws' is not synonymous with 'Election Code,' and if the Legislature intended to limit the Attorney General's prosecutorial authority to laws found only in the Election Code, it could have done so." *Id*. at 251–52.

The court of appeals reversed the district court's decision to quash Count I, holding that section 273.021 of the Election Code gives the Attorney General power to prosecute election law violations both inside and outside the Election Code. *Id*. at 252. The court of appeals affirmed the trial court's denial of Stephens's pre-trial habeas application, focusing on the last clause of the section of the Constitution describing the authority of the Attorney General: "perform such other duties as may be required by law." *Id*. at 255–56; Tex. Const. art. IV, § 22. The court relied on the doctrine of *ejusdem generis* ("of the same kind") by applying the following logic: 1) the Constitution authorizes the Attorney General to represent the State, advise the State, and act on behalf of the State against corporations; 2) corporations, like elections and elected offices, are wholly creatures of state action; 3) therefore, the Attorney General has authority to prosecute election law violations. *Stephens*, 608 S.W.3d at 255. The court of appeals also found that Election Code Chapter

273 gives the Attorney General concurrent jurisdiction with county and district attorneys and does not take away their ability to prosecute election law violations. *Id*.

In his dissent, Justice Goodman writes that the Attorney General's prosecution of Stephens violates the Constitution's separation of powers mandate. *Id*. at 261. Specifically, Justice Goodman disagrees that the Legislature can authorize the Attorney General, a member of the executive department, to prosecute election-law violations because that is a power more properly assigned to the judicial department. *Id*. at 259.

Stephens petitioned this Court for discretionary review to determine: (1) if the Attorney General has the authority to prosecute this case under Election Code section 273.021, whether such grant of prosecutorial authority violates the separation of powers requirement in the Texas Constitution; (2) whether the Attorney General has the authority to prosecute "election law" cases outside of the Election Code, and, if so, whether Tex. Penal Code section 37.10 is an "election law" within the meaning of the Election Code; and (3) whether campaign finance reports are "election records" within the meaning of Tex. Penal Code section 37.10. By declaring Texas Election Code section 273.021 unconstitutional, we need not address Stephens's second and third grounds.

TEXAS CONSTITUTIONAL HISTORY

In *Saldano v. State*, 70 S.W.3d 873 (Tex. Crim. App. 2002), this Court reviewed the history of the powers of the Attorney General and noted that "[t]he office of the Attorney General of Texas has never had authority to institute a criminal prosecution. Before 1876 it had constitutional authority to represent the State in appeals of criminal cases, and it had

statutory authority to do so until 1923."[1] *Id.* at 878. The 1876 Texas Constitution completely eliminated the specific constitutional authority of the Attorney General to represent the State in appeals of criminal cases in a deliberate response to the "despotic control of the reconstruction governor." *Id. at* 877, 880. Since then, it has had no authority to represent the State in a criminal case in any court, except when a county or district attorney requests it to assist. *Id.* at 880.

OUR CURRENT CONSTITUTION & SEPARATION OF POWERS

The Constitution of 1876, which our state still operates under, expressly divides the powers of government into three distinct departments—legislative, executive, and judicial—and prohibits the exercise of any power "properly attached to either of the others," unless that power is grounded in a constitutional provision. Tex. Const. art. II, § 1; *see also Ex parte Giles*, 502 S.W.2d 774, 780 (Tex. Crim. App. 1974). "This separation of powers provision reflects a belief on the part of those who drafted and adopted our state constitution that one of the greatest threats to liberty is the accumulation of excessive power in a single branch of government." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990). It has the incidental effect of "promoting effective government by assigning functions to the branches that are best suited to discharge them." *Id.*

---

[1] Relevant to our jurisdiction in this matter, the 1876 Texas Constitution took away the Supreme Court's jurisdiction in criminal cases, thereby creating the Court of Appeals (after 1891 the Court of Criminal Appeals). Tex. Const. art. V, §§ 1, 5.

The Texas Constitution contains this explicit separation of powers provision unlike the federal Constitution which contains no express separation of powers provision. Instead, separation of powers is implied through the federal constitution's structure, dividing government into three branches, and through vesting into each branch its particular power, legislative, executive, or judicial. U.S. Const., Arts. I, § 1, II, § 1, III, § 1. We have previously held that this textual difference between the United States and Texas constitutions suggests that Texas would "more aggressively enforce separation of powers between its governmental branches than would the federal government." *See State v. Rhine*, 297 S.W.3d 301, 309 (Tex. Crim. App. 2009).

The 1876 Texas Constitution provides that the office of the Attorney General is in the executive branch. *Id.* at 879. The constitutional duties of the office are as follows:

> The Attorney General shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party, and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law.

Tex. Const. art. IV, § 22.

The offices of county and district attorney, on the other hand, are in the judicial branch of government. Tex. Const. art. V, § 21. The constitutional duties of the county and district attorneys are as follows:

> The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature."

Tex. Const. art. V, § 21.

Although the duties of the county and district attorney are not enumerated in article V, section 21, our courts have long recognized that, along with various civil duties, their primary function is "to prosecute the pleas of the state in criminal cases." *Meshell v. State*, 739 S.W.2d 246, 254 (Tex. Crim. App. 1987); *see also Saldano*, 70 S.W.3d at 877 (holding that the express provision conferring on the county and district attorneys the authority to represent the State in "the District and inferior courts," Tex. Const. art. V, § 21, mandates a vertical separation of powers between the Attorney General and the district attorneys in matters of criminal prosecution); *see also Baker v. Wade*, 743 F.2d 236, 242 n. 28 (5th Cir. 1984) (county and district attorneys have been bestowed with the "exclusive responsibility and control of criminal prosecutions").

The separation of powers doctrine requires that "any attempt by one department of government to interfere with the powers of another is null and void." *Meshell,* 739 S.W.2d at 252. Although one department has occasionally exercised a power that would otherwise seem to fit within the power of another department, courts have approved those actions only when authorized by an express provision of the constitution. *Id*. "Exceptions to the constitutionally mandated separation of powers are never to be implied in the least; they must be 'expressly permitted' by the Constitution itself." *Fin. Comm'n of Tex v. Norwood*, 418 S.W.3d 566, 570 (Tex. 2014) (quoting Tex. Const. art. II, § 1).

The separation of powers provision may be violated in one of two ways. First, it is violated when one branch of government assumes, or is delegated, to whatever degree, a power that is more "properly attached" to another branch. *Armadillo Bail Bonds*, 802 S.W.2d at 239. Second, it is violated when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Id*. at 239 (citing *Rose v. State*, 752 S.W.2d 529, 535 (Tex. Crim. App. 1987)).

Relying on this history, Stephens claims that the Attorney General's authority to prosecute an election law offense under Texas Election Code section 273.021 is unconstitutional because the Texas Constitution prohibits the legislature from granting independent criminal prosecution power to the Attorney General in district and inferior courts.

STANDARD OF REVIEW

We review *de novo* a challenge to the constitutionality of a statute. *Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015). We afford great deference to the Legislature and presume that the statute is constitutional and that the Legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. Crim. App. 2013). The party challenging the statute normally bears the burden of establishing its unconstitutionality. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).

ANALYSIS OF TEXAS ELECTION CODE § 273.021

1. *"Other duties" must be executive branch duties.*

The Attorney General argues that the Texas Constitution provides legislative authority to empower the Attorney General with "other duties" and that the Legislature, by enacting

Election Code section 273.021, has conferred upon the Attorney General the authority to prosecute this case.[2]

Section 273.021 of the Texas Election Code was enacted in 1985 and is titled "Prosecution by Attorney General Authorized." Act of May 13, 1985, 69th Leg., R.S., ch. 211, § 1, 1985 Tex. Gen. Laws 1054. The statute, in its entirety is as follows:

> (a) The attorney general may prosecute a criminal offense prescribed by the election laws of this state.
> (b) The attorney general may appear before a grand jury in connection with an offense the attorney general is authorized to prosecute under Subsection (a).
> (c) The authority to prosecute prescribed by this subchapter does not affect the authority derived from other law to prosecute the same offenses.

Tex. Elec. Code § 273.021.

The court below, in agreement with the Attorney General, concluded that, by enacting section 273.021, the Legislature properly authorized the Attorney General, a member of the executive department, to represent the State in district and inferior courts to prosecute election-law violations. Against this, Stephens argues that the lower court broadened the Attorney General's power in a manner violative of the separation of powers requirement in the Texas Constitution. We agree with Stephens.

---

[2] It is worth noting here that, in addition to the implied versus explicit separation of powers provision distinction between the federal and Texas constitutions, the Texas constitution constrains government power in another distinctive way: It lacks a Necessary and Proper Clause or "Sweeping Clause," often invoked to expand Congress's powers beyond those specifically enumerated. *See* U.S. CONST. art. I, § 8, cl. 18 ("To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.")

As applied to this case, the Texas Constitution contains no provision that expressly permits the Attorney General to prosecute election law violations in district courts. However, the court of appeals interprets the constitutional clause "perform such other duties as may be required by law," Tex. Const. art. IV, § 22, to provide the requisite express permission for statewide prosecutorial power. *Stephens*, 608 S.W.3d at 255. For this, the court of appeals relied upon the rule of construction known as *ejusdem generis*. *Id*. The *ejusdem generis* rule is that, when interpreting general words that follow an enumeration of specific things, the meaning of those general words should be confined to things of the same kind. *Black's Law Dictionary* (11th ed. 2019); *Lefevers v. State*, 20 S.W.3d 707, 711 (Tex. Crim. App. 2000); *Perez v. State*, 11 S.W.3d 218, 221 (Tex. Crim. App. 2000).

As previously discussed, the enumerated duties of the Attorney General, as specified by the Constitution, are limited to inquiring into charter rights of private corporations, suing in state court to prevent private corporations from exercising powers not authorized by law, seeking judicial forfeiture of charters, and providing legal advice to the governor and other executive officers. Tex. Const. art. IV, § 22.

Notably absent from these enumerations is a specific grant of authority to the Attorney General concerning the prosecution of criminal proceedings. Undeterred by this omission, the court of appeals applied an expansive interpretation of the *ejusdem generis* doctrine, holding that, because the Attorney General may act on behalf of the State against corporations, and because corporations, like elections and elected officials, are wholly

creatures of state actions, it follows that the Attorney General has authority to prosecute election law violations.

This is a misapplication of the *ejusdem generis* doctrine. The court of appeals disregarded the doctrine's fundamental point: that "the principle of ejusdem generis warns against the *expansive interpretation* of broad language that immediately follows narrow and specific terms, and counsels us to construe the broad in light of the *narrow*." *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010) (emphasis added); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* (2012) ("Where general words follow an enumeration of two or more things, they apply only to persons or things of the same general kind or class specifically mentioned."). Representing the state in a criminal prosecution for election law violations is not of the same character as representing the state in suits to prevent corporations from exercising authority not authorized by law.

Further, the Constitution already grants this authority to county and district attorneys. *See* Tex. Const. art. V, § 21. Because this is already the specific duty of county and district attorneys, the court of appeals erred by misconstruing the "other duties" clause to encompass judicial branch duties.

To elucidate the absurd results that such an interpretation of "other duties" would render, Stephens notes that the Constitution also permits the Legislature:

- to assign the secretary of state and the Texas Water Development Board "other duties," Tex. Const. art. III § 49-c & *id*. art. IV § 21;
- to assign notaries public "such duties as . . . may be prescribed by law," *id.* art. IV § 26; and,
- to assign duties to county clerks and sheriffs, *id.* art. V, §§ 20 & 23.

If we were to adopt the reasoning of the court below, then the Legislature could grant the Water Development Board with prosecutorial authority. Perhaps this example is extreme, but it certainly emphasizes how relying on "other duties" would render meaningless the separation of powers. Since the "other duties" clause says nothing about the governmental branch from which those duties may derive, this silence must be interpreted to mean that the Attorney General's "other duties" must be executive branch duties.

The Attorney General relies on the Texas Supreme Court's opinion in *Brady v. Brooks*, 89 S.W. 1052 (Tex. 1905), to support his argument that the constitutional grant of authority to district and county attorneys does not prevent the legislature from empowering the Attorney General to represent the State in district court. In *Brady,* the Attorney General, under the authority of two separative legislative acts (the "Love Tax Bill" and the "Kennedy Bill"), brought suit in district court to recover taxes, penalties, and forfeitures from a railroad company and an oil and fuel company. 89 S.W. at 1053. The county and district attorneys filed motions to be permitted to bring the suits without the participation of the Attorney General. *Id*. They cited section 21 of article V of the Texas Constitution, which grants the authority to represent the State in all cases to the county and district attorneys. *Id*. The Supreme Court of Texas ultimately refused the county and district attorneys' writs. *Id*. at 1057. It held that that article V, section 21 of the Texas Constitution does not preclude the Legislature, pursuant to the authority of the attorney general to

"perform such other duties as may be required by law," from empowering the attorney general to represent the State in district court. *Id*.; Tex. Const. art. IV, § 22.

We find *Brady* distinguishable from the facts of the instant case for three reasons. First, *Brady* involved a civil matter, namely, suits to recover tax money. That dispute was of the same class and character as the cases that fall within the express constitutional authority of the attorney general to sue corporations:

> The attorney general shall represent the state in all suits and pleas in the supreme court of the state in which the state may be a party, and shall especially inquire into the charter rights of all private corporations, and, from time to time, in the name of the state, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power, or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law.

Tex. Const. art. IV, § 22.

The present case involves the criminal prosecution of an individual. Even the Supreme Court in *Brady* recognized that the Texas Constitution, in the judiciary article, grants the authority to represent the State in criminal matters to county and district attorneys. 89 S.W. at 1053, 1056. Further, the Supreme Court "gravely doubted" whether "it was within the power of the legislature to deprive them of that function." *Id.* at 1056–57 (holding that "the main function" county and district attorneys "are called upon to perform [is], namely, to prosecute the pleas of the state in criminal cases"). Therefore, any reliance on *Brady* for the proposition that the AG has independent authority to prosecute *criminal* cases is erroneous.

Second, *Brady* appears to misstate the standard of review as to when one branch of government may exercise powers of another branch. In *Brady*, the Texas Supreme Court

held that the "other duties" clause[3] does not encompass every duty, no matter where it lies in the Texas Constitution, but instead, opined that the line is crossed if the Legislature "t[ook] away from the county attorneys as much of their duties as to practically destroy their office." 89 S.W. at 1056. This is an incorrect standard to apply when analyzing a separation of powers violation. The standard for whether this is a violation of the separation of powers is not whether a legislative grant of authority to the attorney general would "destroy" the county or district attorney's office. Instead, as discussed *supra*, the Constitution provides that an official of one branch of government may only exercise functions of another branch if "expressly permitted" by the Constitution itself. The explicit separation of powers provision does not say that another branch can abridge a duty from another branch so long as he does not "destroy" that branch.

Third, the *Brady* Court erroneously held that the "other duties" clause somehow authorizes the Legislature to extend the constitutionally granted duties of the judicial branch to the AG in the executive branch. As discussed above, article V, section 21 of the Texas Constitution provides that county and district attorneys are judicial officers who "shall" represent the state in "all cases" in the district courts. Likewise, article IV, section

---

[3] It is worth mentioning in passing that the *Brady* court appears to misstate the language in the "other duties" clause. The Supreme Court held: "The words, 'he [the attorney general] shall . . . perform such other duties as may be ***defined*** by law,' are as broad as those employed in section 21 of article 5; and if unrestricted would empower the Legislature to authorize him and to make it his duty to represent the state in any case in any court." 89 S.W. at 1055–56. However, the correct language in the clause is "he shall . . . perform such other duties as may be ***required*** by law." Whether the distinction between the words "defined" and "required" was dispositive in *Brady* does not impact *Brady*'s inapplicability to this case.

22 of the Texas Constitution provides that the attorney general is an executive officer with certain enumerated duties and to whom the legislature may assign "other duties." However, the "other duties" clause does not permit the Legislature to assign to the attorney general any duty without regard to the branch of government to which it attaches. Simply put, the "other duties" clause may not transform the judicial duty of prosecutorial power into an executive duty. Such an interpretation would exempt the attorney general from the explicit separation-of-powers limitation. Therefore, we find that *Brady* is distinguishable.[4]

### 2. Concurrent Jurisdiction

*a) The Attorney General is not "required by law" to prosecute election law violations.*

Art. IV, section 22 of the Texas Constitution states that the Attorney General shall perform such other duties *"as may be required by law*." But nothing in Texas Election Code section 273.021 *requires* the Attorney General to initiate prosecution for an election code violation. A plain reading of the statute reveals that the Legislature drafted the statute using the words "*may* prosecute" and "*may* appear." Under the ordinary meaning of words, "may" is permissive while "shall" is mandatory. *See Black's Law Dictionary* (11th ed. 2019). This is also true under the Code Construction Act—"may" creates discretionary authority or grants permission or a power while "shall" imposes a duty. Tex. Gov't Code

---

[4] The dissent takes umbrage with this Court's refusal in 2014 to resolve these identical grounds in *Medrano v. State*, 421 S.W.3d 869, 878–80 (Tex. App.—Dallas 2014, pet. ref'd). In *Medrano*, the Fifth Court of Appeals relied on *Brady* and held that the same statute presented in the instant PDR did not violate separation of powers. However, we note that Medrano did not adequately brief this issue, and therefore, presented nothing for review. *See* Tex. R. App. P. 68.4(h), 68.6; *see also Lucio v. State*, 351 S.W.3d 878, 898 (Tex. Crim. App. 2011) (holding that this Court is under no obligation to make Appellant's arguments for her).

§ 311.016. Therefore, nothing in this statute "requires" the Attorney General to prosecute election cases. Based on a plain reading of this statute, combined with the plain meaning of "as required by law" in the Texas Constitution, the Attorney General can prosecute with the permission of the local prosecutor but cannot initiate prosecution unilaterally.

*b) The Texas Constitution requires county and district attorney consent.*

The above notwithstanding, the court of appeals held that the Attorney General should be allowed to initiate criminal prosecutions because "some duties imposed upon the Attorney General are both executive and judicial" in nature. Citing our opinion in *Saldano v. State* as controlling authority, the court below bases the concept of permissible overlapping executive and judicial duties of the Attorney General on our comment that the legislature's ability to assign other duties to the Attorney General, "presumably, could include criminal prosecution." *Saldano*, 70 S.W.3d at 880.

Relying on this passing comment is problematic for three reasons. First, this remark is dictum, which is not controlling authority. *See Wilson v. State*, 448 S.W.3d 418, 422 (Tex. Crim. App. 2014); *Tong v. State*, 25 S.W.3d 707, 711 (Tex. Crim. App. 2000) (noting that a conclusion not necessary to the holding of a case is dicta); *State v. Brabson*, 976 S.W.2d 182, 186 (Tex. Crim. App. 1998) (referring to dicta as "unnecessary to [the Court's] ultimate disposition of" the case).

Second, it is taken out of context. This passing remark was made during the following discussion of the history of the constitutional authority and history of the Attorney General:

> The same [1876] Constitution took away the Supreme Court's jurisdiction of criminal cases, thereby eliminating the specific constitutional authority of the attorney general to represent the State in appeals of criminal cases.

> The Constitution gives the county attorneys and district attorneys authority to represent the State in criminal cases. It authorizes the legislature to give the attorney general duties which, presumably, *could* include criminal prosecution.
>
> From 1876 to 1923, the attorney general had one, statewide responsibility in criminal cases: to represent the State in the Court of Appeals and its successor, the Court of Criminal Appeals. That responsibility was taken away by a legislative act in 1923 that created a special office to represent the State before the Court of Criminal Appeals.

*Saldano,* 70 S.W.3d at 880 (citations omitted; emphasis added).

We resolutely concluded at the end of this discussion that the Attorney General has no independent criminal prosecution authority: "The attorney general . . . has no criminal prosecution authority. Rather, he is limited to representing the State in civil litigation." *Id.* at 880.

Third, we further limited the statement "presumably, could include criminal prosecution" by stating that the authority of the Attorney General is limited to assisting the district or county attorney *upon request*. *Id.* at 880. Such a request is a prerequisite for Attorney General participation in county and district criminal prosecutions. Concurrent jurisdiction certainly may exist, but the Attorney General lacks constitutional authority to independently prosecute a crime in a district or inferior court without the consent of the appropriate local county or district attorney by a deputization order.

By requiring deputization, the Legislature made clear its intent to limit the Attorney General's authority to assistance "upon request":

- "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely." Tex. Code Crim. Proc. art. 2.01.

- A district attorney may employ, hire, or retain any assistant prosecuting attorneys, or any other personnel, that he deems necessary for the proper operation and administration of his office. Tex. Gov't Code § 41.102.
- These assistant prosecuting attorneys, whether they be permanent or temporary members of his staff, are bound to the same prescribed duty "to see that justice is done." Tex. Code Crim. Proc. art. 2.01. They must be licensed to practice law in this State and serve *at the will of the district attorney*. Tex. Gov't Code §§ 41.103, 41.105 (emphasis added).

In addition, the Legislature has expressly permitted the Attorney General to assist, upon request of the local prosecutor, in the prosecution of the following types of cases:

- Thefts involving the state Medicaid program, Tex. Penal Code § 31.03(j);

- False statements involving mortgage loans, Tex. Penal Code § 32.32;

- Offenses under Chapter 35A, Health Care Fraud, Tex. Penal Code § 35A.02(f);

- Insurance fraud, Tex. Penal Code § 35.04; and

- Offenses under Chapter 39, Abuse of Office. Tex. Penal Code § 39.015.

Absent the consent and deputization order of a local prosecutor or the request of a district or county attorney for assistance, the Attorney General has no authority to independently prosecute criminal cases in trial courts. *See Saldano*, 70 S.W.3d at 880–81. Therefore, while there are some permissible overlapping duties, the Constitution specifically separates the powers of the branches. Any attempt to overlap the Attorney General's constitutional duties with county and district attorneys' constitutional duties in the sense of a Venn diagram of sorts is unconstitutional. Practically speaking, any overlap is necessarily invitational, consensual, and by request: a county or district attorney must request the assistance of the Attorney General. Under the current Constitution, overlap in

the constitutional duties of the Attorney General and those of county and district attorneys occurs, if at all, on a case-by-case basis.

Therefore, Justice Goodman's dissent rightly characterized as a "non-sequitur" the court of appeals' conclusion, because even though ". . . the Constitution expressly gives the Attorney General duties that are both executive and judicial in function despite his status as an officer of the executive department, it does not follow that the Legislature may give him any additional judicial duty it desires." *Stephens*, 608 S.W.3d at 260. Absent a request from the district attorney, and without the district attorney's supervisory authority, the Attorney General violates the separation of powers provision by assuming a power that is more "properly attached" to a member of the judicial branch of government. *See State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 928 (Tex. Crim. App. 1994). Since none of the Attorney General's enumerated duties concern criminal or electoral matters, Election Code section 273.021 is unconstitutional.

c) *The court of appeals holding creates a statutory conflict.*

Closer consideration of the statute that the State alleges Stephens violated in Count I further highlights the limitation on the Attorney General's prosecutorial authority. Stephens was charged with tampering with a governmental record in violation of section 37.10 of the Texas Penal Code. In this same statute, subsection (i) reads: "*With the consent of the appropriate local county or district attorney*, the Attorney General has concurrent jurisdiction with the consenting local prosecutor to prosecute an offense under this section that involves the state Medicaid program." Tex. Penal Code § 37.10(i) (emphasis added).

The Legislature did not grant the authority of the Attorney General to prosecute just any tampering offense, only a small class of cases involving the state Medicaid program. And even in that subset of cases, the consent (through a deputization order) of the local district or county attorney is required. The court of appeals below overlooked this express limitation on the Attorney General's prosecutorial authority under section 37.10. By holding that Election Code section 273.021 authorized the Attorney General to prosecute campaign finance violations under Penal Code section 37.10, the court of appeals created a conflict between the two statutes: it allowed the Attorney General to prosecute a class of tampering violations that the statute does not contemplate the Attorney General prosecuting.

Two rules of statutory construction prohibit this conclusion. First, the "general versus the specific" canon of statutory construction stands for the proposition that "[i]f there is a conflict between a general provision and a specific provision, the specific provision prevails" as an exception to the general provision. *See* Scalia & Garner, *Reading Law*, at 183. Penal Code section 37.10(i) applies specifically to "an offense under this section," including the offense alleged in Count I of the indictment in this case. Election Code section 273.021 applies more generally to "election laws" and is in a different code. Therefore, we harmonize these two statutes and conclude that the specific provision in Penal Code section 37.10(i) prevails over the general provision in Chapter 273 of the Election Code.

Second, when statutes are in conflict, the more specific and later enacted statute controls. *See Clapp v. State*, 639 S.W.2d 949, 952 (Tex. Crim. App. 1982). Subsection

37.10(i) of the Penal Code was enacted by the legislature in 2003. Act of May 30, 2003, 78th Leg. R.S., ch. 257, § 16, 2003 Tex. Gen. Laws 1169. Contrast this with the Election Code section 273.021, which was last amended in 1997. Act of May 26, 1997, 75th Leg. R.S., ch. 864, § 255, 1997 Tex. Gen. Laws 2780. Therefore, subsection 37.10(i) is the more recent enactment. Therefore, the Attorney General may prosecute only Medicaid fraud, and not election law related cases under Penal Code section 37.10.

CONCLUSION

We hold that the grant of prosecutorial authority in section 273.021 of the Texas Election Code violates article II, section 1 of the Texas Constitution, the Separation of Powers Clause. We reverse the decision of the court of appeals and remand the case to the trial court to dismiss the indictment.

DELIVERED:  December 15, 2021

PUBLISH